## COMMONWEALTH *vs.* CHARLES J. McGOVERN.

Essex.   January 21, 1903. — April 2, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Probation. Practice, Criminal,* Exceptions.

Although R. L. c. 217, § 84, requires that a person released on probation shall be furnished by the probation officer with a written statement of the terms and conditions of his release, and although a probation officer who is surety on the recognizance of a defendant, when informed by a third person that the defendant has broken the terms of his probation, should make an investigation to deter-

mine whether the information is correct before surrendering the defendant to the court, yet if the probation officer without having done either of these things surrenders the defendant to the court where his case is pending, it is within the discretion of that court to determine whether the defendant has violated the terms of his recognizance or of the oral arrangement between him and the Commonwealth and whether the probation officer, as his surety, was justified in surrendering him into court, as well as whether the defendant's conduct has been such that sentence should be imposed under R. L. c. 220, § 2.

BRALEY, J.   The defendant pleaded guilty in the Superior Court to a complaint charging him with cruelty to a horse, and having entered into the usual recognizance with the probation officer, as surety, he was placed on probation and the complaint against him was filed.   The terms and conditions of his release are not stated, and he was not furnished with a written statement of them by the probation officer, who afterwards, acting upon information given him by an agent of the Society for the Prevention of Cruelty to Animals, surrendered him into court upon the ground that he had not complied with the terms of the agreement made with the Commonwealth, and he was then allowed by the judge to recognize anew with another surety. Though the terms of the last recognizance are not given we presume that it was in the usual form for the personal appearance of the defendant, from day to day and sitting to sitting until final judgment in the case, and to abide the final order, judgment and sentence of the court therein.   Later in the sitting the district attorney moved for sentence, and at the hearing thereon the judge found that the defendant had not kept the conditions of an oral agreement made between him and the Commonwealth, and under which he had been placed on probation, and that sentence ought to be imposed.   Thereupon the defendant filed a plea in bar, that no written statement of the terms of his probation was furnished him by the probation officer or any one else, and as the probation officer stands in a fiduciary relation to the court, any evidence tending to show a breach of the terms of the probation must be within his personal knowledge, and therefore he could not be sentenced on the complaint.   The judge overruled this plea, and the defendant duly excepted.   Sentence was then imposed and the court stayed execution thereof until the question raised by the bill of exceptions could be passed upon and determined.

The placing of persons convicted of crime in the custody and care of a probation officer is a part of our penal system and must to a large extent be directed and controlled by the sound discretion of the officers representing the Commonwealth, subject at all times to the supervision and direction of the court in which the case is pending for sentence.

The requirement of R. L. c. 217, § 84, that the defendant in a criminal case when allowed his liberty by being put on probation shall be furnished with "a written statement of the terms and conditions of his release" is to enable him to have in some permanent form the arrangement made between him and the Commonwealth and to obviate as far as possible any uncertainty and dispute as to what he is to do in order to retain the privilege of his personal liberty and improve the opportunity for reformation granted to him. It is not in the nature of a binding agreement made between the defendant and the Commonwealth, and that when once made cannot be changed; and such "terms and conditions" may be subject to modification from time to time as a proper regard for the welfare, not only of the defendant but of the community, may require; and when changes are made and new terms and conditions required, they should be put in writing and given to the probationer.

But while the course of the probation officer in the case at bar in not furnishing a written statement to the defendant, and in surrendering him without apparently making an independent investigation to determine whether the information received was true, or furnished a sufficient foundation to justify such action on his part, cannot be commended, and was not in accordance with the requirement or purpose of the statute, it does not follow that the defendant's exceptions are well taken.

When the defendant was surrendered by the probation officer it was a question of fact for the court where the case was pending for sentence, and which had jurisdiction of the subject matter, to determine so far as might be material, whether the defendant had violated the terms of the original recognizance or of the oral arrangement made between him and the Commonwealth, and whether the probation officer, as his surety, was justified in surrendering him into court, as well as whether in the exercise of its discretion his conduct had been such that he ought to be per-

mitted to recognize anew, or subsequently that sentence should be imposed.    R. L. c. 220, § 2.

It follows that the bill of exceptions fails to disclose anything more than the exercise by the Superior Court of its discretionary power, and presents no error of law.

*Exceptions overruled.*

*J. F. Quinn,* for the defendant.

*W. S. Peters,* District Attorney, for the Commonwealth.