EDWIN H. MARKS *vs.* L. ROGER WENTWORTH.

Suffolk.    March 25, 1908. — May 20, 1908.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Criminal,* Placing indictment or complaint on file, Probation.. *Placing on File. Probation. Statute.*

An indictment or complaint cannot lawfully be placed on file without the consent of the defendant, who has a right to have his case finally disposed of without unreasonable delay.

Although the provisions of R. L. c. 217, § 84, c. 220, § 2, in regard to putting persons charged with crime upon probation, do not say in terms that, if after a season of probation the object of the probation seems to be accomplished in such a way as not to require any punishment of the defendant, either for his own reformation or in the interests of the public, the court may dispose finally of the case by dismissing it, such a power is required for the exercise of the large discretion conferred upon the courts by the statute and is given by necessary implication.

KNOWLTON, C. J.    This is a petition for a writ of mandamus * to compel the respondent, who is the standing justice of the Police Court of the City of Somerville, to bring forward on the docket a criminal case pending in that court against the petitioner, and to impose sentence, or otherwise to make a final disposition of the case.

The complaint against the petitioner was for an assault and battery.    There was a trial in the police court before the respondent, who found the petitioner guilty.    The case was then continued, and the probation officer was instructed to investigate the facts relating to it and report to the court.    The petitioner was then under a recognizance ; but afterwards, with his consent, he was placed on probation with the probation officer, and the case was continued several times.    At the continuance next before the last one, the petitioner, for the first time, objected to a further continuance and requested that sentence be imposed.    For a good reason the court again continued the case, and when it was afterwards reached, the petitioner's wife, upon whom the assault was alleged to have been committed, appeared at the request of the court, and said that she and her husband

* Reported by *Braley,* J., for determination by the full court.

were living together and that everything was all right between them. The respondent then intimated that he was willing to place the case on file, but the petitioner objected and argued against it. Thereupon the court took the case under advisement and continued it eight days. When it came up at the expiration of this time, the petitioner asked that sentence be imposed. The respondent stated that, as the petitioner had been put on probation and the object of the probation seemed to have been accomplished, he deemed the only proper disposition of the case was to place it on file, and the court so ordered. The petitioner claimed an appeal, which the court refused.

It has long been the practice in this Commonwealth for a court, with the consent of the defendant, after a verdict or plea of guilty in a criminal case, when for good cause it seems best not to impose sentence immediately, to place the case on file. This practice has been recognized by statute and approved by this court. The effect of it is fully stated in *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133. See also *Commonwealth* v. *Foster*, 122 Mass. 317, 323; *Commonwealth* v. *Maloney*, 145 Mass. 205. The case then stands on the records of the court, and although usually no further proceedings are had in it, it may at any time be called up and sentence may be imposed, or some other final disposition may be made of it. But the case cannot properly be placed on file without the consent of the defendant. He has a right to have it finally disposed of, without unreasonable delay, so that he will not be liable for an indefinite period to be brought into the court and subjected to punishment. Although this practice formerly prevailed only in the higher courts, it was extended by statute to the police, district and municipal courts. R. L. c. 160, § 39. St. 1893, c. 396, § 54. But when the statute gave to these courts authority to place complaints on file, it did not authorize such a disposition of a case against the objection of the defendant.

The order made by the respondent in this case, was, therefore, irregular. The petitioner cannot be compelled to remain for years subject to the risk of being sentenced on this complaint, if at any time the public authorities should choose to bring him before the court for that purpose.

If the order be given any effect, it leaves the case still in

court, subject to be disposed of hereafter. If it be treated as invalid, the case remains as it was before the order was made. The petitioner is, therefore, entitled to an order or judgment from the police court which shall finally dispose of the prosecution in that court.

It remains to consider the effect of the probation of the petitioner under the order of the court. R. L. c. 217, § 84; c. 220, § 2. Although the statute does not say in terms that if, after a season of probation, the object of the probation seems to the court to have been accomplished, in such a way as not to require any punishment of the defendant, either for his own reformation or in the interests of the public, the court may finally dispose of the case by a dismissal of it, we think this logically follows from the principles which lie at the foundation of the legislation, and from the general provisions which seem to leave the whole matter in the control of the court. Probation looks to reformation and not to a final goal of punishment. See Pub. Sts. c. 212, § 76. Why should one be put upon probation if he must be subjected to punishment, notwithstanding that the result of as long a period of trial as is deemed reasonable proves him to be worthy, and shows that the interests of the community, as well as of himself, will be promoted by holding him no longer amenable to the law for his offense? We are of opinion that the large discretion that is given to a court, in such cases, includes jurisdiction to dismiss the prosecution, and finally to discharge the defendant after a period of probation, if that seems best. Undoubtedly, placing a case on file with the consent of the defendant will generally be a better disposition of such a prosecution than a dismissal of it, and often unwillingness of a defendant to consent to an order placing the case on file might be deemed an indication that he ought not to be finally relieved from accountability at that time. But if for any reason the judge should think it better, in the interest of law and justice, to dismiss the case rather than to place it on file, we are of opinion that the statutes give him authority so to do. See *Commonwealth* v. *McGovern*, 183 Mass. 238.

In the present case, if the adjudication of the court had been that the object of the probation seemed to be accomplished, and that therefore the complaint was dismissed and the defendant

discharged, the petitioner would have had no ground of complaint, or if a sentence had been imposed, he would have had a right to appeal.

                    *Writ of mandamus to be issued.*

*E. S. Bacon,* for the petitioner.

*J. J. Higgins,* District Attorney, for the respondent, submitted a brief.