## COURT OF APPEALS.

### October 30, 1917.

## THE PEOPLE ex rel. EDWARD VALIANT v. JAMES D. PATTEN, SHERIFF.

(October 30, 1917.)

PRACTICE — SUSPENSION OF SENTENCE — PROBATION — REVOCATION OF PROBATION AND IMPOSITION OF SENTENCE WITHIN TWO YEARS FROM DATE OF PROBATION.

The statutes dealing with the subject of probation, revocation of probation and infliction of punishment which has been suspended (Code Crim. Proc., §§ 11-a and 483) must be read and construed together, and when in conflict section 11-a must control.

This writ was sued out and the release of the relator demanded on the ground that at the date when the probation was revoked and the sentence imposed, which was more than one year after the date of his conviction, the time within which said latter act could be performed had expired, and that, therefore, the sentence and the imprisonment thereunder were illegal, and this view has been sustained by the Appellate Division. *Held,* that this conclusion is erroneous.

The fact that the trial court in placing defendant on probation omitted to fix the period for which such probation should continue does not render invalid the sentence, since, in the absence of other limitation, it would be assumed that the probationary period should not continue for more than two years, the period fixed by the statute. Moreover, the omission would not render the judgment void, but the sentence would be subject to correction in this respect.

(People ex rel. Valiant v. Patten, 173 App. Div. 990, reversed.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 18, 1916, which directed the discharge of the relator upon habeas corpus.

The facts, so far as material, are stated in the opinion.

*Harold D. Alexander* for appellant. The relator was on probation in December, 1915. (Code Crim. Pro. § 11-a, ¶ 4.) The relator's claim that the court did not fix the period of probation herein, and, therefore, that the judgment as to probation is void cannot be sustained. (Weed v. People, 31 N. Y. 464; People v. Trezza, 128 N. Y. 529; People v. Parr, 4 N. Y. Cr. Rep. 545; 15 Ruling Case Law, 592; 23 Cyc. of Law & Pr. 670, 1101, 1104, § 2; Mooney v. Mooney, 10 Misc. 386; Freeman on Judgments [4th ed.], 53, 57; Black on Judgments [2d ed.], 162, 163; People v. Meschke, 2 N. Y. Cr. Rep. 168; People ex rel. Farrington v. Mensching, 187 N. Y. 8.) The petitioner's contention that the case at bar is controlled by subdivision 4 of section 483 of the Code of Criminal Procedure cannot be upheld since a subsequent act covers exactly the same subject, and makes an entirely different provision as to that matter. (Code Crim. Proc., § 11-a.) If the provisions of two statutes are inconsistent, and tend to nullify each other, the later must prevail, as the latest exhibition of the will of the lawmaking power. (Matter of Wash. R. R. Co., 115 N. Y. 442, 449; Lyddy v. L. I. City, 104 N. Y. 218; Sutherland on Stat. Const. [1904] 461, 462, 483, 490, 491.)

*John H. Dugan* for respondent. The County Court had no power to pronounce a judgment upon the relator after one year had elapsed since judgment was suspended. (Code Crim. Proc., §§ 470a, 483, subd. 4.)

HISCOCK, Ch. J.:

May 11th, 1914, the relator was convicted of a misdemeanor and judgment was rendered as follows: " Sentence is suspended and the defendant is placed on probation," etc. In September, 1915, an order was made modifying the conditions of the probation. December 15, 1915, the probation and suspension of sentence were revoked and relator was sentenced to the Albany Penitentiary for one year and to pay a fine. The present writ

was sued out and the release of the relator demanded on the ground that at the date when the probation was revoked and the sentence was imposed, the time within which said latter act could be performed had expired, and that, therefore, the sentence and the imprisonment thereunder were illegal, and this view has been sustained by the Appellate Division. We think this conclusion is erroneous.

There are two sections of the Code of Criminal Procedure dealing with the subject of probation, revocation of probation and infliction of punishment which has been suspended — sections 11-a and 483. It is upon the latter section that the relator bases his claim. Subdivision 4 of that section provides that at any time during the probationary term of a person convicted and released on probation, the court before which, or the justice before whom, the person was convicted, " may in its or his discretion, revoke and terminate such probation. Upon such revocation and termination, the court may, if the sentence has been suspended, pronounce judgment at any time thereafter within the longest period for which the defendant might have been sentenced." The relator could only have been sentenced for a term of one year and inasmuch as this period had expired when the probation was revoked and sentence finally imposed, it is said that the power of the court to pronounce sentence had been lost by lapse of time. While it has been assumed that the period of one year within which sentence might be imposed upon revocation of probation commenced running from the date when the relator was convicted and originally might have been sentenced, we think that a good deal might be said in favor of another interpretation of the language used in this subdivision. When it provides that upon such revocation and termination, the court may, if the sentence has been suspended, pronounce judgment " at any time thereafter within the longest period for which the defendant might have been sentenced," it is quite natural to construe the language as meaning that the

period within which the sentence may thus be pronounced is to commence with and run from the date when the probation is revoked rather than from the date when the defendant was convicted.

If, however, the provision has the meaning which has thus far been given to it, we thing that it is clearly in conflict with subdivision 4 of section 11-a. That subdivision provides that the period of probation shall not exceed, in the case of a person like the relator, two years, and that " The court or magistrate thereof  *  *  *  may in case of violation of the probationary conditions issue a warrant for the arrest of the probationer; *  *  *  and in case of violation of the probationary conditions, the court may impose any penalties which it might have imposed before placing the defendant on probation." This provision, it will thus be seen, clearly authorizes the court or magistrate on revocation of probation to impose the penalty, in this case imprisonment, which might have been imposed before placing the convicted person on probation and there is no limit of time upon the power to do this such as is found in section 483. There being this conflict, if section 483 has the meaning which has been contended for by relator, the question arises which provision shall prevail. Our judgment is that section 11-a must be controlling. Certain amendments to section 483 were made by chapter 346, Laws of 1910, and subdivision 4 of section 11-a, from which we have quoted, was added to that section by chapter 610 of the same year. While both of these amendatory acts took effect on September 1st following, the act amending section 11-a was the later declaration of the legislature. In addition, that amendatory section enacts general and comprehensive rules upon this subject of probation and is entitled " Method of procedure." It outlines a general scheme covering the subject under review before which the provision in the earlier statute must if necessary give way, and we do not overlook the consideration that the procedure outlined

by section 11-a upon this point is much more rational and effective than that urged by relator under his construction of section 483. If the relator be right that on revocation of probation which might last two years, the power to inflict a sentence which has been suspended would be lost after the expiration of a year from the time when the person had been convicted, in case of a misdemeanor, we might have the very anomalous result claimed in this case that a person who had been placed on probation, by violating the terms thereof, could secure a release from its conditions, and the court would be unable to substitute any punishment in the place thereof. By his violation of the probation system, the convicted person would secure release and relief from any punishment or restraint whatever and in that way profit by his own wrongdoing. On the other hand, under the provisions of section 11-a, the court would have the power to inflict a proper and deserved punishment on revocation of probation which the convicted person had violated whenever that situation arose.

It is suggested that the court failed to make a valid judgment placing relator on probation because it omitted to fix the period for which such probation should continue. We do not think, however, that this is so. The sentence and judgment were concededly valid in every respect except the one that no period of probation was specified. The statute, however, provided that such probationary period should not continue for more than two years, and we think it might well be held that in the absence of other limitation, it would be assumed that the probation was to continue for the time fixed by the statute. Even if this is not so, however, we do not think the omission would render the judgment void, but that the sentence would be subject to correction in this respect. In this particular case the relator continued on probation without question, and it seems to have been understood and assumed that in the absence of other directions the statutory limit of two years controlled.

In accordance with these views, the order of the Appellate Division should be reversed, the writ dismissed and the relator remanded to custody.

CHASE, COLLIN, HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur.

Order reversed, etc.