WILLIAM F. KING *vs.* COMMONWEALTH.

Middlesex.   May 21, 1923. — June 21, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Practice, Criminal,* Sentence, Suspension of sentence.

Under G. L. c. 279, §§ 1, 3, as well as at common law and under the established practice in this Commonwealth, after one found guilty of using an automobile without authority has been sentenced in a district court to the house of correction for a term of six months and that sentence has been suspended and the defendant placed on probation for four months, the defendant complying with the order and waiving his right to appeal, and after two further successive suspensions upon probation for periods each of four months, the court has jurisdiction and power to make an order revoking the probation and ordering the sentence to be effective two days before the expiration of the last period of suspension, following which the defendant properly may be committed to the house of correction for a term of six months beginning a year lacking one day from the time when sentence originally was pronounced.

WRIT OF ERROR, issued on April 24, 1923, to the judge of the Third District Court of Eastern Middlesex upon petition of William F. King, who had been prosecuted, convicted and sentenced in that court for using an automobile without authority.

The pleadings and facts are described in the opinion.

The case was submitted on briefs.

*J. P. Brennan & W. T. McCarthy,* for the plaintiff in error.

*J. R. Benton,* Attorney General, *& A. C. York,* Assistant Attorney General, for the Commonwealth.

DECOURCY, J.   The case comes before us on a writ of error. The record returned and certified by the Third District Court of Eastern Middlesex discloses the following facts: William F. King, the plaintiff in error, was arraigned in said court on April 17, 1922, upon a complaint for using a motor vehicle, the property of another, without authority. He pleaded not guilty, and the hearing was continued to April 20: on which day he pleaded guilty, and was sentenced to be committed to the house of correction in Cambridge

for the term of six months. The court ordered that the execution of the sentence be suspended and that said King be placed on probation until July 20, 1922. He complied with said order and waived his right to appeal. On the twentieth of July the court further suspended said sentence until November 20, 1922; and on that day the court further suspended said sentence until April 20, 1923. On April 18, 1923, the court revoked the probation, and ordered the sentence to be in effect. Thereupon King was committed to said house of correction for the term of six months from and after the eighteenth day of April, 1923. The errors assigned by the petitioner are: " That the suspension of the execution of the said sentence expired on July 20, 1922, and that the court had no authority to further continue the execution of said sentence; " and " That the time set for the execution of the said sentence having expired the court unlawfully revoked the suspension of the execution of said sentence and had no authority or right to order your petitioner committed."

It is provided by G. L. c. 279, § 1, that " When a person convicted before a district court is sentenced to imprisonment, the court may direct that the execution of the sentence be suspended, and that he be placed on probation for such time and on such terms and conditions as it shall fix." Section 3 reads: " At any time before final disposition of the case of a person placed on probation in the custody of a probation officer, the probation officer may arrest him without a warrant and take him before the court, or the court may issue a warrant for his arrest. When taken before the court, it may, if he has not been sentenced, sentence him or make any other lawful disposition of the case, and if he has been sentenced, it may continue or revoke the suspension of the execution of his sentence. If such suspension is revoked, the sentence shall be in full force and effect." The power of placing on file complaints in criminal cases is conferred on district courts by G. L. c. 218, § 38. See also G. L. c. 218, § 31.

A conflict of authority exists as to the common law power of courts to stay the execution of a sentence after it has been

pronounced; and in many jurisdictions the suspension of a sentence, especially for an indefinite time, is held.to be an infringement upon the executive power to reprieve and pardon. See 33 L. R. A. (N. S.) 113, note; 39 L. R. A. (N. S.) 242, note; Ann. Cas. 1912 B 1192, note. *Ex Parte United States*, 242 U. S. 27, 48, note. In this Commonwealth the practice of suspending sentence to a time certain, with the consent of the defendant, and placing him on probation, has long been recognized by statute and approved by this court. *Marks* v. *Wentworth*, 199 Mass. 44, and cases cited. *Gabis, petitioner*, 240 Mass. 465. Elaborate provisions are made by our statutes for the appointment and duties of probation officers in the Boston municipal and juvenile courts, and in each district court (as well as in the Superior Court), and a State commission on probation is provided to promote uniformity, efficiency and coöperation of such officers in the several courts. G. L. c. 276, §§ 83 to 103, inclusive. After an investigation and recommendation by the probation officer, especially in cases of first offenders, the judge frequently places the defendant on probation upon certain terms and conditions, — provided such disposition can be made with due regard to the protection of the community, and the past history and present disposition of the person investigated indicate that he may reasonably be expected to reform without punishment, and to comply with the conditions of probation. As was said in *Mariano* v. *Judge of District Court of Central Berkshire*, 243 Mass. 90, 92, " The suspended sentence statute by its terms and its plain purpose shows that it was intended to place the whole matter of final execution of the sentence within the supervision of the district courts, who through the probation officer can keep in close touch with the conduct of the person convicted but released temporarily from the execution of the sentence in order to afford opportunity for reformation."

The first contention of the petitioner is that the district court had no authority to further suspend the sentence after July 20, 1922; and that the case then should have been dismissed or placed on file. But by the express provision of the statute above set forth, the court was authorized to

" continue . . . the suspension of the execution of his sentence." And the reason for this is apparent. The defendant had been placed on probation, presumably for a definite term. While the suspension of his sentence was incidental to this probation, the terms of these two need not be identical. The judge in his discretion, could suspend the sentence until the termination of the probation period: or he might have deemed it better to have short intermediate intervals, in order to keep in closer touch with the conduct and progress of the probationer. The fact that the probationer must appear in court in a short time may well strengthen his determination to maintain a law-abiding and proper course of conduct. And if he satisfies the court that he has responded to probation, and that there is no longer occasion to keep him under supervision, the judge may decide to then dismiss the case. In cases of drunkenness, where constant efforts of the judge and probation officer are necessary to bring about a permanent improvement; and in bastardy and non-support cases where weekly or monthly payments are made by the defendant to the probation officer (see G. L. c. 273, §§ 5, 16), a dismissal of the case after a short suspension of the sentence would tend to defeat the entire purpose and effect of the present probation system.

The power of the court to commit the defendant did not terminate with the six months' period imposed by the original sentence. The probation period was definite and reasonable, and doubtless in accordance with the rules and practice of the court. There was no necessary relation between that period and that of the suspended sentence. The latter was a temporary, not a final disposition of the case: and its term might be longer or shorter or for the same time as the probation period. The time during which the defendant was on probation was in no sense a part of the term of his sentence. Apart from its common law powers, the court had statutory authority to enforce sentence after its suspension was revoked, even though the original period of the sentence had expired. *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133. *People* v. *Patrich,* 118 Cal. 332. *Mann* v. *People,*

16 Col. App. 475.    *Belden* v. *Hugo*, 88 Conn. 500.    *Sylvester*
v. *State*, 65 N. H. 193.    *State* v. *Drew*, 75 N. H. 402.    *Valiant*
v. *Patton*, 221 N. Y. 409.    *State* v. *Whitt*, 117 N. C. 804.
*Weber* v. *State*, 58 Ohio St. 616.    33 L. R. A. (N. S.) 121, note.
*Judgment affirmed.*