## MORRIS FINER *vs.* COMMONWEALTH.

Suffolk.    November 11, 1924.— January 9, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Criminal,* Sentence, Probation.

When a complaint for larceny is pending before a district court, a defendant may waive formal entries of continuances and consent that the case may remain in court without such entries until asked for by either party.

The abolition by statute of stated terms of court does not affect the pertinency of the foregoing general principle.

The return by a district court upon processes issuing in a writ of error disclosed the following facts:   The plaintiff in error was arraigned in the court on a complaint for larceny and, after a plea of guilty and continuances, he was adjudged guilty and ordered committed to the house of correction for one year, and sentence was suspended and he was "placed in the care of the probation officer."   Within a year thereafter "a default warrant for violation of probation" was issued and, a year and fifteen days after the suspension of sentence, said sentence was revoked and he was committed.   *Held,* that

(1) The language of G. L. c. 279, § 1, required that there should have been definiteness and specification as to the time of the probationary period;

(2) The plaintiff in error not having appealed from the original sentence and having accepted the advantage extended to him by the law solely for his benefit, he could no longer ask for revision of it or complain of its terms;

(3) The record showed an indefinite suspension of the original sentence;

(4) The indefinite suspension of the original sentence was not an infraction of the statute;

(5) The failure to conform to the statute with respect to stating the period of probation did not affect the substantial rights of the plaintiff in error in the circumstances shown;

(6) It was lawful for the plaintiff in error to be brought before the court for execution of the sentence pursuant to the original conviction.

WRIT OF ERROR, issued on April 8, 1924, on a petition filed by the plaintiff in error in the Supreme Judicial Court for the county of Suffolk on that date, directing the judge of the District Court of Chelsea to return to this court the record and process of a complaint of the Commonwealth against Morris Finer.

The plaintiff's assignment of error was that on March 5, 1923, he was arrested on a charge for the larceny of $14 from one Frank Lepri; that on that day "he was arraigned and pleaded not guilty, and by agreement said case was continued to March 12, 1923, and on said March 12, 1923, by agreement said case was continued to March 17, 1923; that on said March 17, 1923, he retracted his plea of not guilty and pleaded guilty; that thereupon the court sentenced him to be committed to the House of Correction for a period of one year and immediately thereafter the court suspended said sentence and continued the case indefinitely; that said indefinite suspension in effect operated as a discontinuance of said case, and as an abandonment of said case by the Commonwealth of Massachusetts; that thereafter on December 8, 1923, the said District Court of Chelsea without right and having no jurisdiction over the body of your petitioner issued a default warrant upon which warrant" he "was arrested on April 1, 1924, and on April 2, 1924, the said District Court of Chelsea without authority and for no other reason than the service of the default warrant of December 8, 1923, sentenced" him "to be committed to the House of Correction for a period of one year."

The return showed the complaint as described in the assignment and that thereon the plaintiff in error on March 5, 1923, was brought before the district court without warrant. The return then continued: "Which complaint is thereupon read by the clerk of said court in open court on the said fifth day of March to the said Lepri, and the said Lepri is asked

by the court whether he is guilty or not guilty of the offence
charged upon him in manner and form aforesaid, who pleads
and says that he is guilty, and the further consideration of
said complaint is then from time to time continued to the
seventeenth day of said March then next ensuing, it appears
to said court that the said defendant is guilty of the offence
aforesaid.

"Wherefore it is considered by said court that the said
Finer for the offence aforesaid be committed to the House of
Correction, at Deer Island, situated in Boston in said county
of Suffolk, there to be kept at hard labor according to the rules
of the same for the term of one year from this seventeenth
day of said March and sentence was suspended and said
Finer was placed in the care of the probation officer.

"On December 8, 1923, a default warrant for violation of
probation was issued and said Finer was brought before said
court April 2, 1924, and said sentence was revoked and Finer
was committed."

The defendant in error in substance pleaded *in nullo est
erratum*. On the filing of the plea, the case was adjourned to
the full court.

*M. Tobey*, for the petitioner.

*J. R. Benton*, Attorney General, & *L. Goldberg*, Assistant
Attorney General, submitted a brief.

Rugg, C.J.   This is a petition for a writ of error. Writ
of error and *scire facias* have issued. The case is here upon
the record of the district court of Chelsea duly returned and
certified. It appears therefrom that the plaintiff in error
was duly arrested and brought before that court on March
5, 1923, on a complaint charging him with having com-
mitted the crime of larceny, when he was arraigned and
pleaded guilty; that by agreement the case was continued,
first until March 12, 1923, and then until March 17, 1923,
when he was adjudged guilty and ordered committed to the
house of correction for the term of one year and " sentence
was suspended and said Finer was placed in the care of the
probation officer. On December 8, 1923, a default warrant
for violation of probation was issued and said Finer was
brought before said court April 2, 1924, and said sentence

was revoked and Finer was committed." Both sides assume that he was committed on a new sentence. The plaintiff in error in his petition and in his brief states that the new sentence was for a period of one year from April 2, 1924. The case is considered on that footing.

The question to be decided is whether the district court had power to make an indefinite suspension of sentence and to place the plaintiff in error on probation without fixing a definite time for the period of probation, and then at a later time to reimpose the same sentence.

District courts, since St. 1916, c. 174, § 2, and now, are " courts of superior and general jurisdiction with reference to all cases and matters in which they have jurisdiction . . . and the like presumption shall be made in favor of proceedings of such courts as would be made in favor of proceedings of other courts of superior and general jurisdiction." G. L. c. 218, § 4. Therefore, the statement in *Commonwealth* v. *Maloney*, 145 Mass. 205, at page 211, is now applicable to the case at bar: "When a case is pending in a permanent court of general jurisdiction, with stated terms, in which continuances are from term to term, a defendant may waive the formal entries of continuance, and consent that the case may remain in court without such entries until asked for by either party." The abolition of stated terms of court, St. 1897, c. 490, G. L. c. 213, § 4, St. 1897, c. 431, G. L. c. 218, § 38, does not affect the pertinency to the case at bar of the general principle here declared.

The establishment of the probation system and the limitations upon its exercise are set forth in the statutes. The bounds imposed by the statute must be observed when the machinery provided by the probation system is invoked. It is provided by G. L. c. 279, § 1, that after suspension of sentence a district court may order that the person convicted " be placed on probation for such time and on such terms and conditions as it shall fix." These words are in substance the same as those empowering the Superior Court to place upon probation a person convicted before it. G. L. c. 276, § 87. These words import definiteness and specification as to the time of the probationary period. There is

reason for such definiteness and specification when a person has been convicted and sentenced. The general safety of society may require more stringent supervision of such a person than of one merely charged with crime but not convicted. These words are different from the words of said § 87 authorizing the probation before conviction of those charged with crime. This difference of phraseology cannot be regarded as immaterial or wanting in signification.

Failure to conform to the statute with respect to stating the period of probation does not affect the substantial rights of the plaintiff in error in his present plight. He is not entitled to be discharged from custody. It does not affect the validity of his sentence or his commitment in execution thereof. His original sentence was valid. If he was dissatisfied with it, he had opportunity for appeal before the suspension of his sentence. After accepting the advantage extended to him by the law solely for his benefit, he could no longer ask for revision of it or complain of its terms. *Mariano* v. *Judge of District Court of Central Berkshire,* 243 Mass. 90. The plaintiff in error has never served his sentence. It was suspended indefinitely. There was no infraction of the statute in such extension. *Gabis, petitioner,* 240 Mass. 465. He accepted without objection the benefit thus afforded. He took advantage of the probation. Simply because there was an informality with respect to an incidental aspect of the probation following that suspension, the convict is not enabled to escape punishment. *Commonwealth* v. *McGovern,* 183 Mass. 238. Whatever may be said about the probation, the conviction and sentence stood unaffected. It was lawful for the plaintiff in error to be brought before the court for execution of that sentence pursuant to that conviction. The case stands no differently in these circumstances with respect to execution of sentence than a complaint or indictment placed on file. At any appropriate time it may be brought forward for execution of sentence. *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 136. *King* v. *Commonwealth,* 246 Mass. 57. *Marks* v. *Wentworth,* 199 Mass. 44.

No error of law of which the plaintiff in error can complain is disclosed on this record.

*Judgment affirmed.*