**UNITED STATES ex rel. GROSSBERG v. MULLIGAN, Acting U. S. Marshal.**

**No. 311.**

Circuit Court of Appeals, Second Circuit.

April 6, 1931.

David P. Siegel, of New York City (Leo H. Klugherz and Milton B. Seasonwein, both of New York City, of counsel), for petitioner-appellant.

George Z. Medalie, U. S. Atty., of New York City (Ellamarye Failor, Asst. U. S. Atty., of New York City, of counsel), for respondent-appellee.

Before L. HAND, CHASE, and MACK, Circuit Judges.

MACK, Circuit Judge.

Relator pleaded guilty to a mail fraud indictment after a jury had acquitted his codefendant and disagreed as to his guilt; thereupon he was ordered placed on probation for two years. By the express terms of the order, he was directed to report once in each month to the probation officer; what he was to report and how he was to act under probation were not specified in the order. The judge, however, gave him verbal instructions as to his conduct, and the probation officer, pursuant to the Probation Act § 4 (title 18, U. S. Code, § 727 [18 USCA § 727]), furnished him with a written statement of the conditions of probation and gave him further written instructions as to his conduct.

Some months later, on the receipt of complaints that relator was committing acts similar to those for which he had been tried, the probation officer filed an application for revocation of the probation and imposition of sentence. Relator was duly notified of the fact and the substance of the application. A full hearing was had before the judge who had tried the case. Relator testified in his own behalf. The judge, after stating that he

had given some terms of probation verbally and that these had been broken, imposed a sentence of imprisonment for a year and a day. Appeal therefrom was dismissed for failure to file the record in proper time.

Thereupon a writ of habeas corpus was sued out. This writ was dismissed on the ground that the question of jurisdiction to revoke the probation had been raised and decided adversely to relator in the revocation proceedings. The cause is before us on an appeal from the order dismissing the writ.

Relator asserts lack of jurisdiction to sentence him, on his contention that under the Probation Act § 1 (18 USCA § 724), jurisdiction to revoke probation and impose sentence is dependent upon allegation and proof that some term or condition expressed in the probation order has been broken, and that there was neither allegation nor proof of a breach of the only express condition, to report monthly to the probation officer.

Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355, held that, at common law, sentence must be imposed and could not be permanently suspended after conviction or plea of guilty, and that, on application of the government, the District Judge could be mandamused to impose sentence. By the Probation Act § 1 (18 USCA § 724), however, the courts are given the power "to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best." They may "revoke or modify any condition of probation"; the term of probation, however, may not exceed five years. By Probation Act § 2 (18 USCA § 725), the defendant may be brought before the court for sentence not only within the probation period, but even thereafter; the only limitation is that it be within the maximum period for which sentence could have been imposed. The court may thereupon "revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

■ We express no opinion on a defendant's right, in order to forestall the risk of the imposition of sentence in the distant future, to waive suspension and probation and to demand an immediate sentence. If relator had such a right, he waived it by expressly consenting to probation and suspension. It is unnecessary, too, to determine whether under the act the court may suspend sentence without any order of probation in view of its power by the express provisions of section 725 to revoke suspension and impose sentence after the probation period has ended; in this case, there was a probation order. The court therefore clearly had jurisdiction of relator and of the subject-matter of the revocation of his probation and the imposition of sentence.

■■ The act itself has no express restrictions on the power to revoke the probation or to modify the terms, conditions, or time thereof. These are matters for the exercise of a sound judicial discretion. The remedy for an abuse of such discretion or for other irregularities or errors in the exercise of the jurisdiction is solely by appeal, not by writ of habeas corpus. Craig v. Hecht, 263 U. S. 255, 44 S. Ct. 103, 68 L. Ed. 293.

■ However desirable it may be that at least the general terms of the probation be expressed in the order, nevertheless, in the absence of a statutory requirement and in view of the fact that the suspension of sentence may continue even after the probation period is ended, we cannot deem the insertion of the terms and conditions of probation in the order as requisite to its validity or as a jurisdictional prerequisite to the revocation of probation. We concur in the conclusion reached in this respect in Hollandsworth v. U. S. (C. C. A.) 34 F.(2d) 423. See, too, Campbell v. Aderhold (D. C.) 36 F.(2d) 366. Such, too, has been the construction of analogous provisions in state acts. See Commonwealth v. McGovern, 183 Mass. 238, 66 N. E. 805; Finer v. Commonwealth, 250 Mass. 493, 146 N. E. 23; People ex rel. Valiant v. Patton, 221 N. Y. 409, 117 N. E. 614.

■■ Viewed in another aspect, jurisdiction in the present case was clear. At least one condition was expressly stated in the order; relator was to report monthly to the probation officer. While the application for revocation was not based upon a mere failure to report, but upon the charge that relator was continuing in his former course of conduct contrary to the verbal terms of probation imposed by the court, nevertheless in substance and effect the jurisdiction of the court was invoked to interpret the probation order. Although not in terms so stated, what the court actually did was to construe the word "report" in the light of all of the surrounding circumstances including the verbal instructions. On writ of habeas corpus its conclusions as to the proper interpretation of the order are not reviewable.

The order dismissing the writ of habeas corpus must therefore be affirmed