JOHN CAPPOLA vs. EDWARD A. PLATT, SHERIFF.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued April 7th—decided May 12th, 1937.

*William J. McKenna,* with whom was *Israel J. Jacobs,* and, on the brief, *James D. Clyne,* for the appellant (plaintiff).

*David H. Keedy,* of the Massachusetts bar, with whom was *Harry Silverstone,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff has appealed from a judgment dismissing a writ of habeas corpus issued on his application to secure his release from arrest for extradition to Massachusetts. In his application he alleges that he is a resident of Connecticut and this is not questioned in the record. He was arrested in Massachusetts for the crime of theft committed there, arraigned in the District Court for Hampshire County, pleaded guilty and sentenced to imprisonment for six months. He appealed to the Superior Court for

Hampshire County and that court, not imposing sentence upon him, placed him upon probation for a term of two years under certain terms and conditions. He gave a recognizance, with the probation officer as surety, that he would personally appear at each subsequent term of the court until final disposition of his case and in the meantime obey the rules and regulations of the probation officer and be of good behavior. One of the conditions of his probation was that he should make restitution of the sums stolen, which he did. He was thereupon permitted by the probation officer to return to Connecticut. While he was in this State he violated certain conditions of his probation, but refused the probation officer's request that he return to Massachusetts to be surrendered to the court for sentence. Thereupon proceedings were taken to extradite him, he was arrested, and it was release from detention under that arrest which he sought in these proceedings. After the execution of the extradition warrant the Superior Court for Hampshire County issued a bench warrant for his arrest.

By the law of Massachusetts the appeal taken to the Superior Court vacated the judgment of the District Court and the plaintiff stood before the former for sentence upon his plea of guilty in the lower court, in the absence of any application to change that plea. *Commonwealth* v. *Crapo,* 212 Mass. 209, 98 N. E. 702; *Commonwealth* v. *Marino,* 254 Mass. 533, 536, 150 N. E. 841. The disposition of the case in the Superior Court would not subject the accused to double jeopardy. *Commonwealth* v. *Downing,* 150 Mass. 197, 22 N. E. 912. Under the statutes of Massachusetts the Superior Court may put upon probation any person before it charged with crime, before sentence has been imposed. 9 Anno. Laws of Mass., Chap. 276, § 87 (G. L. Mass. [Ter. Ed.] Chap 276, § 87); *King* v. *Com-*

*monwealth,* 246 Mass. 57, 140 N. E. 253; *Marks* v. *Wentworth,* 199 Mass. 44, 85 N. E. 81. If the accused violates the conditions of his probation he is subject to arrest by the probation officer without a warrant or the court may issue a warrant for that purpose and upon presentation in court he is subject to imposition of sentence upon him. 9 Anno. Laws of Mass., Chap 279, § 3 (G. L. Mass. [Ter. Ed.] Chap. 279, § 3); *Commonwealth* v. *McGovern,* 183 Mass. 238, 66 N. E. 805. The position of the plaintiff is that of one who came before the Superior Court upon a plea of guilty, was placed upon probation before any sentence was imposed, and, having violated the conditions of that probation, is now subject to presentation in court for sentence or other disposition of his case.

He stands charged with a crime in the State of Massachusetts within the extradition law because he is still subject to the imposition of a penalty there for the offense he committed within that jurisdiction. *Drinkall* v. *Spiegel,* 68 Conn. 441, 448, 36 Atl. 830; *State ex rel. Treseder* v. *Remann,* 165 Wash. 92, 100, 4 Pac. (2d) 1110. That he received permission from the probation officer to come to Connecticut made his entry to this State no less a voluntary act, and when he violated here the terms of his parole he voluntarily surrendered the benefit of clemency which had been extended to him. He is a fugitive from justice within the meaning of the extradition law. *People ex rel. Hutchings* v. *Mallon,* 218 N. Y. Sup. 432, 439, affirmed 245 N. Y. 521, 157 N. E. 842; *In re Gordon,* 105 Vt. 277, 165 Atl. 905; *Ex parte Hamilton,* 41 Okl. Cr. 322, 273 Pac. 286; *Ex parte Crane,* 115 Tex. Cr. Rep. 168, 29 S. W. (2d) 357; *Ex parte Nabors,* 33 N. M. 324, 267 Pac. 58; and see *Bassing* v. *Cady,* 208 U. S. 386, 392, 28 Sup. Ct. 392; *Von Walden* v. *Geddes,* 105 Conn. 374, 377, 135 Atl. 396; note, 67 A. L. R. 1480. The

case of *Ex parte Wernhause,* 202 Mo. App. 245, 216 S. W. 548, relied upon by the plaintiff, is not in point. There the court concluded that the proceedings against the accused had come to an end and that no demand of the State seeking his extradition remained unsatisfied; whereas in the instant case the plaintiff is still amenable to sentence by the Massachusetts court.

No copy of the bench warrant for the arrest of the plaintiff issued after the extradition was sought appears in the record and we must assume that it was issued in order to bring the plaintiff before the court for sentence upon the original charge against him, under the authority of the statute we have previously referred to. The plaintiff claims that there was a violation of the statute of Massachusetts which requires that before the disposition of a prosecution for an offense punishable by imprisonment for more than one year by placing the accused on probation, the court shall obtain from its probation officer all available information relative to prior criminal prosecutions of the accused. 9 Anno. Laws of Mass., Chap 279, § 4A (G. L. Mass. [Ter. Ed.] Chap 279, § 4A). The finding, even if corrected as the plaintiff claims it should be, would still fail to show a violation of this statute; if it did we much doubt whether that violation would avail to invalidate the proceedings against him; *Commonwealth* v. *McGovern,* supra; *Finer* v. *Commonwealth,* 250 Mass. 493, 497, 146 N. E. 23; and in any event the question whether it would do so is one to be determined by the Massachusetts courts, not ours. *Rosenberg* v. *Slavin,* 122 Conn. 304, 309, 188 Atl. 272. "The constitutionally required surrender is not to be interfered with by the summary process of habeas corpus upon speculations as to what ought to be the result of a trial in the place where the Constitution provides for its taking place." *Drew* v. *Thaw,*

235 U. S. 432, 440, 35 Sup. Ct. 137. A violation of the statute certainly would not, as the plaintiff claims, tend to show that the extradition was not sought in good faith.

There is no error.

In this opinion the other judges concurred.