MICHAEL KEVIN DUPONT vs. SUPERIOR COURT.

Suffolk.  October 9, 1987. — November 10, 1987.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

Practice, Criminal, Judgment, Appeal. Supreme Judicial Court, Superintendence of inferior courts.

The proper remedy for a judge's error in placing a criminal indictment on file after conviction over the defendant's objection is the ordinary appeal process. [123-124]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 10, 1986.

The case was considered by Lynch, J.

The case was submitted on briefs.

Michael Kevin DuPont, pro se.

James M. Shannon, Attorney General, A. John Pappalardo, Deputy Attorney General, & Robert M. Mendillo, Assistant Attorney General, for the defendant.

HENNESSEY, C.J. DuPont appeals from the denial by a single justice of this court of relief in the nature of mandamus under G. L. c. 211, § 3 (1986 ed.).

After a trial in Superior Court, a jury found DuPont guilty of armed robbery, armed assault with intent to rob, and unlawful carrying of a firearm. He was sentenced to M.C.I., Cedar Junction, for a term of 30 to 40 years on the armed robbery conviction, and a concurrent term of 3 to 5 years on the firearm conviction. Over DuPont's objection, the trial judge declined to impose sentence immediately on the armed assault charge, but placed that indictment on file.

DuPont sought relief in the nature of mandamus under G. L. c. 211, § 3 (1986 ed.), claiming that he was entitled to have the filed indictment finally disposed of by passing of sentence or discharge, and that he was prejudiced by the trial judge's error in placing this indictment on file rather than making such

final disposition. The single justice denied relief without a hearing, and denied DuPont's request for reconsideration, request to reserve the question for full court determination, and request for findings. This appeal followed.

"We exercise our powers under G. L. c. 211, § 3, sparingly, to prevent irreparable loss of significant rights when the normal course of trial and appeal will not provide adequate protection, or to resolve pressing, recurrent issues of proper administration of justice." *Hadfield* v. *Commonwealth*, 387 Mass. 252, 255 n.2 (1982). "In an application for extraordinary relief under G. L. c. 211, § 3, the party seeking relief must demonstrate both a substantial claim of violation of his substantive rights and error that cannot be remedied under the ordinary review process." *Dunbrack* v. *Commonwealth*, 398 Mass. 502, 504 (1986), and cases cited.

After a criminal conviction, a judge, with the consent of the defendant, may place the case on file rather than impose sentence immediately. Where this is done, there are usually no further proceedings on the case, but it may at any time be called up and sentence imposed or other final disposition made. *Marks* v. *Wentworth*, 199 Mass. 44, 45 (1908). However, since no appeal may be made until after judgment, which in criminal cases is the sentence, the defendant's right to appeal is suspended for as long as the case remains on file. *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975). For this reason, a case cannot properly be placed on file without the consent of the defendant, who has the right to have his case finally disposed of without unreasonable delay. *Id. See Marks, supra* at 45.

DuPont, then, is entitled to be either sentenced or discharged as to the armed assault indictment placed on file without his consent. He thus satisfies the first requirement for extraordinary relief under G. L. c. 211, § 3, that he demonstrate a substantial claim of violation of his substantive rights. However, he does not satisfy the second requirement, that the error alleged be irremediable through the ordinary review process. A judge's error in placing a case on file without the defendant's consent is remediable through the ordinary appeal process.

*Delgado, supra* at 438 (court reviewed assignments of error in indictments filed without defendant's consent). Hence, appeal, not c. 211, § 3, provides the proper mechanism for correcting the trial judge's error in placing DuPont's armed assault indictment on file without his consent.[1]

*Order affirmed.*

---

[1] We note that DuPont in fact has filed such an appeal.