SANCHITO MURRAY *vs.* COMMONWEALTH. October 11, 2000. *Supreme Judicial Court,* Appeal from order of single justice.

Sanchito Murray (petitioner) appeals pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court. The petitioner had asked the single justice to require that the Superior Court "bring [a certain] indictment . . . forward and appoint counsel to represent petitioner at his sentencing." The conviction based on that indictment had been placed on file with the petitioner's consent.

Rule 2:21 applies when a single justice denies relief from 'a challenged interlocutory ruling in the trial court and does not report that denial to the full court. S.J.C. Rule 2:21 (1). The petitioner has not explicitly identified any interlocutory ruling of the trial court from which he seeks relief. If we were to assume, without deciding, that the placing of the conviction on file is such an interlocutory ruling, we would affirm the judgment of the single justice because the petitioner has not met the requirement of rule 2:21 (2). He has not set forth reasons why he may not adequately obtain review of *that decision* "on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). The petitioner did not seek to obtain review of the underlying conviction, nor the decision placing it on file, as part of his ap-

---

peal from the related convictions. In some instances, this court has considered convictions that were placed on file. See, e.g., *Commonwealth* v. *Calderon*, 431 Mass. 21, 28 (2000); *Commonwealth* v. *Chappee*, 397 Mass. 508, 523-524 (1986); *Commonwealth* v. *Bianco*, 388 Mass. 358, 364, *S.C.*, 390 Mass. 254 (1983). Nevertheless, the petitioner could demand that he either be sentenced or discharged. *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975). The petitioner does not acknowledge that, if he were sentenced, he could then proceed with his appeal. See *DuPont* v. *Superior Court*, 401 Mass. 122, 123 (1987); *Commonwealth* v. *Delgado, supra*; *Commonwealth* v. *Subilosky*, 352 Mass. 153, 165 (1967). The petitioner does assert, without explaining, that if a Superior Court judge were to deny his request that he be sentenced, he would not have an "adequate means to appeal an adverse judgment." That concern is premature. The petitioner has not met his burden under rule 2:21 (2).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Sanchito Murray*, pro se.


*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.