*John Salsberg* for the petitioner.

SANCHITO MURRAY *vs.* COMMONWEALTH. September 21, 2004. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Appeal.

Sanchito Murray appeals from the denial by a single justice of this court of his petition pursuant to G. L. c. 211, § 3, which sought review of a Superior

---

[2]In view of our decision, it is unnecessary to address other arguments raised by the parties.

Court judge's denial of his request to be sentenced or discharged on a conviction that had been placed on file. We affirm.

*Background.* Murray was indicted in 1986 on charges of aggravated rape, breaking and entering a dwelling in the nighttime with intent to commit a felony, and attempting to obtain goods by unlawful use of a credit card. A jury convicted him of all charges. He was sentenced on the rape and burglary convictions, but the unlawful use of a credit card conviction was placed on file with his consent. Murray appealed from all the convictions. In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the rape and burglary convictions, but did not address the credit card conviction because it had been placed on file. *Commonwealth* v. *Murray*, 27 Mass. App. Ct. 1408 (1989).

After attempting to obtain other postconviction relief, Murray eventually filed a motion in the Superior Court to "bring forward" the credit card conviction and appoint counsel to represent him at sentencing. In August, 1999, a Superior Court judge denied the motion. Instead of appealing, Murray filed in the county court the first of two petitions pursuant to G. L. c. 211, § 3, which requested that a single justice of this court require the Superior Court to "bring [the credit card] indictment . . . forward and appoint counsel to represent petitioner at his sentencing." The single justice denied the petition. Murray appealed, and the full court affirmed the single justice's decision. *Murray* v. *Commonwealth*, 432 Mass. 1026 (2000).

Almost one year later, Murray filed his present petition in the county court pursuant to G. L. c. 211, § 3, again requesting that the court "exercise its general superintendence . . . powers over the Superior Court . . . by requiring said court to bring [the credit card conviction] forward, appoint counsel and allow petitioner to be sentenced and reinstate his constitutional right to direct appeal [from] an unlawful conviction." A second single justice of this court denied the petition, and Murray again timely filed a notice of appeal.

*Discussion.* In his memorandum before the full court,[1] Murray acknowledges the primary flaw in his second request for extraordinary relief pursuant to G. L. c. 211, § 3: that he failed timely to appeal from the Superior Court judge's denial in 1999 of his motion to be sentenced on the credit card conviction. Thus, he effectively concedes that he had an adequate, alternative remedy for the relief he seeks, i.e., an appeal to the Appeals Court from that ruling. See *DuPont* v. *Superior Court*, 401 Mass. 122, 123-124 (1987). For this reason alone, the single justice was correct in denying Murray's petition. *Id.* at 123, quoting *Hadfield* v. *Commonwealth*, 387 Mass. 252, 255 n.2 (1982).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Sanchito Murray*, pro se.

---

[1]While the record is unclear, Murray may have attempted to proceed with his appeal pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The rule is inapplicable in this case because the Superior Court judge's August, 1999, order was not interlocutory.