CHADBOURN & a. v. GILMAN and Trustee, and HODSDEN, Claimant.

The maker of a negotiable sight draft, not payable in this state, cannot be held as trustee of the payee of the draft.

FOREIGN ATTACHMENT. Facts found by the court. July 15, 1884. the Commercial Union Insurance Company of London adjusted a fire loss with the defendant, and gave him in payment therefor a negotiable sight draft on their office in New York, July 19, and before the draft reached New York this writ was served on the insurance company as trustee of the defendant, and payment of the draft was for that reason refused when it was afterwards in the usual course of business presented for payment in New York. The question is, whether the trustee is chargeable.

*J. H. Hobbs*, for the plaintiff.

*Worcester & Gafney*, for the claimant.

CLARK, J. At the time of the service of the plaintiffs' writ upon the trustee, July 19, 1884, the trustee was indebted to the defendant upon a sight draft, payable to the order of the defendant at the office of the trustee in the city of New York. The draft, being a negotiable instrument not payable in this state, and one of the parties to it not residing in this state, was not subject to the trustee process, and the plaintiffs took nothing by the attempted attachment. G. L., c. 249, s. 15.

Prior to 1842 negotiable paper was not liable to trustee process in this state. *Stone* v. *Dean*, 5 N. H. 502. By the Revised Statutes negotiable promissory notes "made or payable in this state, or the parties to which at the time of making the same resided in this state," were subjected to this process. Rev. Sts., c. 208, s. 18. In *Kibling* v. *Burley*, 20 N. H. 359, 362, Woods, J., in speaking of the statute says,—"It has subjected negotiable paper, made under such circumstances as to derive its effect and construction from the laws of this state as the *lex loci*, to the control of the process of foreign attachment to a certain extent."

In *Horn* v. *Thompson*, 31 N. H. 562, 572, Bell, J., says of the same statute,—"There is no general power conferred in relation to negotiable paper: promissory notes alone are specified. All promissory notes are not embraced in the act, but such only as are made and payable in the state, or the parties to which, at the time of making the same, resided in this state." And in *Thompson* v. *Carroll*, 36 N. H. 21, 25, Fowler, J., speaks of the statute as applying to notes "payable in this state." It may be doubtful whether a note made in this state, payable at a place outside the state, the parties to which at the time of making the same did not reside in the state, would be liable to trustee process under the Revised Statutes, as such a note would be construed and interpreted by the

24*

law of the place of payment, and not by the law of this state. But however that may be, the statute was materially changed·in 1867, and put in its present form. It was extended so as to include negotiable paper generally, and the phrase "made or payable in this state" was changed to "made and payable in this state," so that the statute now reads, "If the trustee is sought to be charged for any negotiable promissory note, or other instrument on which he is liable, made and payable in this state, or the parties to which, at the time of making the same, resided in this state, * * " Gen. Sts., *c.* 230, *s.* 21 ; G. L., *c.* 249, *s.* 15.

The process of foreign attachment being unknown to the common law, does not extend beyond the express provisions of the statute ; and under the present statute negotiable paper is subject to the trustee process when made and payable in this state, or when the parties reside in the state at the time of making the same, and not otherwise. In *Orcutt* v. *Hough*, 54 N. H. 472, the question was raised and considered whether a note made in this state and payable generally, no particular place of payment being specified, was made and payable in this state, within the meaning of the statute ; and it was held that it was within the statute. *Sargent*, C. J., says,—"If a note is made payable at a particular place, the law of the place where it is there made payable will govern its construction ; but a note made and dated in a particular place will be deemed to be a note of that place, and governed by the law of that country, whether it is expressly made payable there or is payable generally, without naming any particular place." In this case, the draft being payable at New York is not "made and payable in this state" within the meaning of the statute, and the trustee is not chargeable for the draft.

The case finds that the draft was given by the special agent of the trustee who adjusted the defendant's loss, in settlement and payment of the loss, and that the defendant had surrendered his policy and all claims under it. This is an express finding that the draft was given in payment of the loss and in discharge of the claims under the policy. The plaintiffs suggest that it does not appear that the agent was authorized to give the draft. This objection should have been made at the trial. The plaintiffs claimed to hold the fund in the hands of the trustee by force of an attachment, and it was incumbent on them to show that the fund was liable to attachment by trustee process. Consequently the burden was on them to show that the draft was unauthorized, if such was the fact. The case does not show that any question was raised at the trial as to the agent's authority, the trustee does not dispute it, and it is to be assumed that he acted within the scope of his authority.

*Trustee discharged.*

BLODGETT, J., did not sit : the others concurred.