Belknap,
Dec., 1899.

COX *&amp; a.* v. SEVERANCE *&amp; Tr.*, GREENOUGH *&amp; a.*, *Claimants.*

One who in good faith and before its maturity purchases a negotiable promissory note, made and payable in this state, where the parties reside, takes it subject to attachment if, prior to the transfer, the maker has been summoned as trustee of the payee.

FOREIGN ATTACHMENT. Facts agreed. March 17, 1899, the trustee gave to the defendant two negotiable promissory notes for $125 each, one payable in four and the other in six months. The notes were made and payable in this state, where the parties resided. March 24, 1899, the writ was served on the trustee. April 1, 1899, the notes were transferred to the claimant Greenough, and by her, April 19, 1899, to the other claimant, the Laconia National Bank, which has since held them. The claimants took the notes in good faith and for a valuable consideration, without knowledge that the trustee process had been served on the maker.

*E. A. &amp; C. B. Hibbard*, for the plaintiffs.

*Jewett &amp; Plummer* and *Sumner E. Blackstone*, for the claimants.

WALLACE, J. The statute makes a trustee in foreign attachment chargeable "for a negotiable promissory note, or other

instrument on which he is liable, made and payable in this state, or the parties to which, at the time of making the same, resided in this state." P. S., *c.* 245, *ss.* 21–23. Before the passage of the act of 1841 (Laws 1841, *c.* 601) in relation to the trustee process, negotiable paper was not subject to that process in this state. *Stone* v. *Dean,* 5 N. H. 502; *Kibling* v. *Burley,* 20 N. H. 359; *Chadbourn* v. *Gilman,* 63 N. H. 353. This act made negotiable promissory notes "made or payable in this state, or the parties to which, at the time of making the same, resided in this state," liable to that process. Laws 1841, *c.* 601, *s.* 4. This statute remained substantially the same until 1867, when it was changed to its present form (G. S., *c.* 230, *s.* 21), thereby extending it so as to embrace not only negotiable promissory notes, but also other instruments on which the trustee was liable, making it broad enough to include all negotiable paper. It was also changed at this time so as to require the note or other instrument subjected to the trustee process to be both "made and payable in this state," and not either "made or payable in this state," as under the original act and the statute before 1867. *Chadbourn* v. *Gilman, supra.*

The test of the liability of the trustee imposed by the statute is that the service of the writ must have been made upon him before the note or other instrument was transferred in good faith and for a valuable consideration by the payee to a third person. P. S., *c.* 245, *ss.* 22, 23. The statute in express terms subjects negotiable notes to the trustee process under certain circumstances. The purchaser before maturity of a negotiable note, such as is described in the statute, takes it subject to attachment when the payor has before the transfer been summoned as the trustee of the payee. To that extent the negotiability of the note is impaired. This effect has been given to the statute by repeated decisions of our court. *Peck* v. *Maynard,* 20 N. H. 183; *Kibling* v. *Burley, supra;* *Amoskeag Mfg. Co.* v. *Gibbs,* 28 N. H. 316; *Philbrick* v. *Philbrick,* 39 N. H. 468; *Smith* v. *Foster,* 41 N. H. 215; *Orcutt* v. *Hough,* 54 N. H. 472; *Chadbourn* v. *Gilman, supra.*

Here the notes for which the trustee is sought to be charged were made and payable in this state, and the parties at the time of making them also resided here, thus bringing them within the operation of the statute. As the writ was served upon the trustee before the notes were transferred to the claimants, the trustee is chargeable.

*Trustee charged.*

All concurred.