EDWIN M. VON WALDEN *vs.* JAMES GEDDES, SHERIFF.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

The criminal laws of one State are of no effect beyond its borders, nor does the process of extradition, which merely provides a means for obtaining the return of the criminal, lend them extraterritorial force.

The plaintiff was arrested upon a warrant issued by the Acting-Governor of this State for return to the State of Michigan as a fugitive from justice. In proceedings for a writ of habeas corpus to obtain his release, he alleged that, at the time of his arrest, he was residing in this State as a paroled prisoner of the State of California and was here completing the unexpired term of his sentence with the permission of the board of prison directors

Von Walden *v.* Geddes.

of that State. The trial court sustained a demurrer to these allegations. *Held:*

1. That the trial court did not err, since the plaintiff was not within the dominion or custody of California in the sense that this State was precluded from seizing him upon proper request by Michigan for requisition.

2. That as between the plaintiff and Michigan there was no legal significance to the plaintiff's further allegation that Michigan had consented to and acquiesced in the conduct of the prison directors of California in placing him on parole, whatever its effect might be upon the situation if California were vying with Michigan to secure his custody.

3. That if the representatives of Michigan had agreed with the plaintiff not to extradite him from this State, the arrangement would have been void as against public policy.

Argued October 27th—decided December 16th, 1926.

WRIT OF HABEAS CORPUS to determine the legality of the plaintiff's imprisonment, brought to the Superior Court in New Haven County where the defendant's demurrer to the plaintiff's reply was sustained (*Ells, J.*) and upon the plaintiff's refusal to plead further, judgment was rendered dismissing the writ, from which the plaintiff appealed. *No error.*

*Walter J. Walsh,* for the appellant (plaintiff).

*Benjamin D. Winner,* with whom, on the brief, was *Arnon A. Alling,* for the appellee (defendant.)

MALTBIE, J. To the petitioner's writ of habeas corpus the respondent returned that he was holding the petitioner in custody by virtue of a warrant issued by the Acting-Governor of this State commanding his arrest as a fugitive from justice and his delivery to an agent of the State of Michigan, to be returned to that State in pursuance of requisition proceedings brought by it. The petitioner replied that he was a prisoner of the State of California, and within the custody of its State board of prison directors, that he was residing

in Connecticut by reason of having been placed upon parole while serving a term in the California State prison, and having been permitted to come to this State, here to complete the unexpired portion of his term, and that about three years of that term still remained to be served; and he also alleged that the authorities of the State of Michigan knew of his confinement in the prison in California and of the intention of the board of prison directors of that State to parole him to come to this State and here dwell, and that the State of Michigan consented to and acquiesced in the action of that board. To this reply the respondent demurred and from the action of the trial court in sustaining that demurrer this appeal is taken.

The laws of the State of California defining the crime of which the petitioner was there convicted and determining the punishment to be imposed are of no effect beyond its borders. *Taintor* v. *Taylor*, 36 Conn. 242, 252; *Huntington* v. *Attrill*, 146 U. S. 657, 666, 13 Sup. Ct. 224; *Scoville* v. *Canfield*, 14 John. (N. Y.) 338, 340; *Malcolmson* v. *Scott*, 56 Mich. 459, 466, 23 N. W. 166; 1 Wharton on Conflict of Laws (3d Ed.) § 4; Story on Conflict of Laws (5th Ed.) § 619 *et seq.* No doubt California would be entitled in a proper case to extradite the petitioner in order to subject him to further punishment at its hands; *Drinkall* v. *Spiegel*, 68 Conn. 441, 36 Atl. 830; but that process does not give to the laws of California any extra-territorial force; it merely provides a means by which to secure the return to that State of a prisoner, so that within its own confines its laws may be executed. *Mahon* v. *Justice*, 127 U. S. 700, 705, 8 Sup. Ct. 1204. No officer of the State of California could here take him into custody, no warrant issuing from the courts of that State could here have any effect. *Pennoyer* v. *Neff*, 95 U. S. 714, 719; *Carpenter* v. *Lord*, 88 Ore. 128, 171 Pac. 577. That

State had no dominion over him here and in no sense is he now in its custody. Whatever might be the situation had the State of Michigan sought to extradite him before he left the State of California, once beyond its borders his status is not affected by the fact that he is on parole from its prison.

The allegation that the State of Michigan consented to and acquiesced in the action of the board of prison directors of California in putting the petitioner on parole to come to this State is without significance. That action was a matter over which the State of Michigan could exercise no control, and objection or acquiescence by it would be of moment only as it might bear upon the exercise of its discretion by the board. An attempted agreement between the representatives of that State and the petitioner that they would not extradite him to answer for a breach of its criminal laws, unjustified in any way, would be void as against public policy; *McMahon* v. *Smith,* 47 Conn. 221, 223; 2 Page on Contracts, § 919; and neither waiver nor estoppel could be invoked to accomplish that illegal end. 10 R. C. L. 801; 27 R. C. L. 907. That the authorities of the State of Michigan knew of the purpose of the board to parole the petitioner to Connecticut would not prevent it from invoking its right to extradite him from this State when he had arrived here. *Bassing* v. *Cady,* 208 U. S. 386, 28 Sup. Ct. 392. Even if California would have permitted the petitioner to be extradited while within its confines, the voluntary withholding of its hand by Michigan at that time, however it might affect the ethics of the situation, does not alter legal rights. *United States* v. *Marrin,* 227 Fed. 314, 320. Were California vying with Michigan in the effort to secure possession of the petitioner, the alleged conduct of the authorities of the latter State might be material in determining which requisition

should be honored; *Taintor* v. *Taylor,* 36 Conn. 242, 254; but such considerations cannot be invoked by the petitioner. *Ponzi* v. *Fessenden,* 258 U. S. 254, 260, 42 Sup. Ct. 309; *Chapman* v. *Scott,* 10 Fed. (2d) 156, 161; *In re Andrews,* 236 Fed. 300; *United States* v. *Marrin,* 227 Fed. 314; *In re Fox,* 51 Fed. 427; *People* v. *Klinger,* 319 Ill. 275, 149 N. E. 499.

Aside from the special facts he pleads, the petitioner does not claim that he is not a fugitive from justice as regards the State of Michigan, and as such he is subject to extradition to that State. Despite his parole he is free to come and go in this State as he pleases, without let or hindrance. He should not be permitted to set up such an inchoate right as California may have to reclaim him in order to secure here an asylum from the just demands of Michigan. *Ponzi* v. *Fessenden,* 258 U. S. 254, 260, 42 Sup. Ct. 309; *In re Flack,* 88 Kan. 616, 129 Pac. 541; *Mackin* v. *People* (Ill.) 8 N. E. 178, 180.

There is no error.

In this opinion the other judges concurred.