Violet Ricard Laporte *v.* Frank J. Houle *& Tr.*

Same *v.* William Doherty *& Tr.*

*Paul J. Doyle*, for the plaintiff, furnished no brief.

*Warren, Wilson, McLaughlin & Wiggin*, for the trustee, furnished no brief.

MARBLE, J.   The plaintiff, when she received her injury, was a passenger in a car owned by the Pollard Auto Company and driven by the defendant Houle.   Doherty, who had the car in his possession, was employed by the Pollard Auto Company as an automobile salesman.   On the evening of the accident he met Houle and they agreed that Houle should take the car, go and get the plaintiff and another girl, and then pick up Doherty.   The accident occurred while all four were occupants of the car and while they were on their way to Manchester to attend a dance.

The question of the permission given Doherty by his employer to make personal use of the car was not a material issue in the actions for negligence.   *Sauriolle* v. *O'Gorman*, 86 N. H. 39, 50.   At the trial of those actions Doherty testified that he was required by a rule of his employer to return the car to the Pollard company's garage in Nashua at eight o'clock each evening, and that his authority to

permit others to drive the car was limited to prospective purchasers. At the trial of the present controversy he testified that he knew of no rule which forbade him to allow anyone except a prospective purchaser to operate the car and that the rule requiring the return of the car at eight o'clock was made after the accident.

When a transcript of his former testimony was called to his attention, he made no attempt to explain his contradictory statements but merely said that he did not remember. Indeed, this answer occurs nearly fifty times in the course of his examination. In reply, however, to an inquiry from the Presiding Justice he stated that he told the truth at the earlier trial to the best of his knowledge. Yet shortly afterward, in answer to counsel, he declared that he couldn't remember whether he told the truth at that time or not.

Later he testified that by special permission of the Pollard company he was once allowed to keep the car in Derry for six weeks but, answering a question of the court, he stated that the only other occasions when he kept the car out after eight o'clock at night were occasions when he was either "getting a prospect or looking for one." At no time did he state that he had permission, or understood that he had permission, to use the car for any purpose not connected with his employment.

The plaintiff had the burden of proving that the car was being operated at the time of the accident with the express or implied consent of the Pollard company (*Travelers Ins. Co.* v. *Greenough*, 88 N. H. 391, 392, 393), and Doherty's testimony, which is the only testimony on the subject, is entirely too indefinite, too contradictory, and too evasive to justify a finding for the plaintiff on that issue.

The indemnity company assumed the defence of the negligence cases before the procedure for determining insurance coverage, approved in *American &c. Ins. Co.* v. *Garage*, 86 N. H. 362, 364, had become general. This it could safely do under an agreement reserving its rights. *Sauriolle* v. *O'Gorman*, 86 N. H. 39, 49. There is evidence that both Houle and Doherty entered into an agreement with counsel for the indemnity company, but the terms of this agreement do not appear.

Houle testified that he and Doherty went to the office of the indemnity company's counsel and there discussed the suits which Violet Ricard had brought against them and the Pollard Auto Company. When shown a document purporting to be an agreement signed by him on that occasion, he said that he didn't remember signing the paper and that he didn't think the signature was his,

that he couldn't "say either way." He then stated that he "did not" sign the document, but when asked later if "maybe" the signature might not be his, he answered: "I wouldn't say." An attorney practicing in Manchester testified that the indemnity company's counsel sent Houle to him a few days before the trial of the negligence cases and that he represented Houle at that trial. See 467 Briefs & Cases, 141. There is no suggestion that Houle's rights were not adequately protected by this attorney.

Doherty admitted that he came with Houle to the office of the indemnity company's attorneys and that an arrangement was there made whereby the services of those attorneys in defence of the Ricard action were to be furnished him. In regard to the agreement he said, "There was several things brought up. I don't just recall. . . . I don't just remember what." He refused to identify the document, saying: "I don't know just what's in there. . . . I don't remember it myself." As to the genuineness of his signature he couldn't "tell either way." This document was never formally authenticated. A nonsuit was ordered and the trustee introduced no evidence.

The plaintiff, having summoned the indemnity company as trustee, assumed the burden of proving the company's liability to the principal defendants. *Chadbourn* v. *Gilman*, 63 N. H. 353, 354. The company was not liable by reason of its defence of the negligence actions if it assumed the defence under an agreement reserving its rights. There is no evidence that such a reservation was not made.

*Exceptions overruled.*

All concurred.