Hillsborough, } No. 3392.
June 25, 1943. }

HARTFORD ACCIDENT AND INDEMNITY COMPANY

*v.*

ARCHIE BRENNER & *a.*

*Devine & Tobin,* for the plaintiff.

*Chretien & Craig,* for the defendant Katz.

*Myer Saidel* and *Ernest R. D'Amours,* for the defendant Brenner.

*Maurice A. Broderick,* for the defendant Silverberg.

MARBLE, J. The accident happened while the defendants were returning to Manchester from a trip to New York. The principal issue tried was whether or not the insured was carrying either Bren-

ner or Silverberg for a consideration. The insured stated that the decision to take the trip was made on September 4 at Brenner's restaurant in Manchester. He testified: "Well, Mr. Brenner had taken me to the beach all summer. I promised him when I was going to the World's Fair I would like to have him come with me. Mr. Silverberg happened to be in the restaurant. Somehow or other Mr. Brenner — he mentioned he was going to the World's Fair and he wanted to know if he could go along. He said yes, he could come along. Later on he came and brought the girl friend along with him."

Ninna Gittell, the "girl friend," was not in the accident, since she had left the automobile at Hartford, Connecticut, to go to her home in Dorchester, Massachusetts.

Brenner testified that he paid the insured nothing whatever for the trip, that there was no agreement for compensation, and that the insured "paid for the gasoline over and back." The insured stated that Brenner paid nothing and that Silverberg did not pay him "any money for that trip before, during or after the trip." There is no claim that the trip in question and Brenner's trips to the beach constituted more than a mere "interchange of hospitalities among friends." *Lee* v. *Chamberlin,* 84 N. H. 182, 185.

Silverberg testified: "Well, I really didn't give him [Katz] money. We stopped at different places — he stopped for gas. I give him a few dollars then. We stopped at restaurants. I give a few dollars there, for lunches. The whole trip amounted to five dollars or so. . . . There was no previous agreement. They were contributions that I made myself."

But in his deposition, taken two years before the trial, Silverberg stated that before they left Manchester he paid the insured five dollars "for the trip back and forth" and that the insured agreed to take Miss Gittell back to Boston. He further stated that he was quite "mad at Mr. Katz" at the time the deposition was taken because, instead of keeping his agreement, he had left Miss Gittell in Hartford at two o'clock in the morning. He declared that he was "a little upset" when he answered the interrogatories two years before, and finally admitted that when he gave his deposition he "lied."

Although the plaintiff is here seeking a declaration of immunity from liability, the burden of proof rests where it would have rested if the insured had brought an action on the policy. *Travelers Ins. Co.* v. *Greenough,* 88 N. H. 391; *Merchants &c. Co.* v. *Kennett,* 90

N. H. 253, 254. The pertinent inquiry is whether or not the policy affords the insured protection, and that depends on whether or not he was carrying Brenner or Silverberg in his car for a consideration. It was incumbent on him to prove that he received no consideration for so carrying either of them. *Raymond* v. *Indemnity Co.*, 86 N. H. 93, 95.

The plaintiff, invoking the rule of *Hebert* v. *Railroad*, 90 N. H. 324, contends that the testimony of the defendants taken as a whole "was such a mass of contradiction, confusion and equivocation that no reasonable person could believe that no consideration was paid for this journey."

The contention is untenable. For, whatever may be said of Silverberg's contradictory assertions, the fact remains that the testimony of the other defendants is consistent and unequivocal on the primary issue involved, and it is only in "clear cases" of falsehood (see *Laporte* v. *Houle*, 90 N. H. 50, 52) "that we may say as a matter of law that the testimony is entirely unworthy of belief." *Laplante* v. *Rousseau*, 91 N. H. 330, 331.

The exception to the granting of the plaintiff's motion for a directed verdict is sustained. The other exceptions appear to be without merit.

*New trial.*

All concurred.