Coös,
Feb. 3, 1948. } No. 3686.

EMPLOYERS LIABILITY ASSURANCE CORPORATION, *Ltd.*

*v.*

FORREST H. SWEATT & a.

*H. Thornton Lorimer* and *Thomas F. Donovan* (*Mr. Donovan* orally), for the plaintiff.

*William Lehnert* for the defendants, George Boudle and Forest Products Association Inc., filed no brief.

*Hinkley & Hinkley, Paul A. Toussaint* and *Leon D. Ripley* (*Mr. Irving A. Hinkley* orally), by joint brief for the remaining defendants.

KENISON, J. By the Uniform Sales Act "A sale by auction is complete when the auctioneer announces its completion by the fall of the hammer or in other customary manner." R. L., c. 200, s. 21 (II). Cases construing this section of the act generally hold that the property in the goods passes to the highest bidder when the hammer falls. Restatement, Contracts, s. 27; 1 Uniform Laws Anno. s. 21; 1 Williston, Contracts (Rev. *ed.*) s. 29. Under this construction defendants' exception to the court's ruling that "title of the truck" passed on the day of the auction, which was prior to the accident, would be overruled. However, the case was apparently considered by court and counsel as governed by s. 18 of the act which provides that property in specific goods " . . . is transferred to the buyer at such time as the parties to the contract intend it to be transferred." In such case this section further provides that "regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case." As the law of the trial, the question of the ownership of the truck on and after the day of the auction will be considered under s. 18.

As is frequently the case with many crucial issues of fact, there was conflicting evidence as to when the property in the truck passed from the assured to the defendant Boudle. The evidence favorable to the defendants tended to show that there was not to be a completed sale until Boudle received a bill of sale and since this took place after the accident, the truck was still the property of the assured. The evidence favorable to the plaintiff indicated that Boudle acquired ownership of the truck on the date of the auction by payment in full, delivery and by exercising complete control of the truck thereafter. "The question of intention is one of fact . . . " (*Sandford* v. *Nickerson*, 91 N. H. 71, 72) and the Trial Court adopted the plaintiff's position that there was a completed sale on July 15, 1946. There was sufficient evidence to support this view and we cannot say as a matter of law that it was erroneous. *Frizzell* v. *Pulsifer*, 87 N. H. 99.

It is suggested that certain testimony of the assured's agent and manager is unworthy of belief, opposed to the testimony of disinterested witnesses and should be disregarded. While this suggestion is not devoid of merit, the determination of credibility as a matter of law from the cold printed record is risky business. At best the evaluation of credibility is not an exact science. In the long run justice is more nearly approximated by allowing the trier of fact, who has the opportunity and benefit of hearing and observing the witnesses, to determine the credibility of evidence rather than an appellate court which of necessity has to operate in the partial vacuum of the printed record. This court has broad powers of review and "general superintendence of all courts . . . to prevent and correct errors and abuses," (R. L. c. 369, s. 2) but this power is exercised with caution and, in so far as credibility is concerned, only in "clear cases." *Hartford &c. Indemnity Company* v. *Brenner*, 92 N. H. 503, 505. We cannot say as a matter of law that the findings of the Trial Court are without support in the record, "regardless of how [this] court might decide the question of fact were it called upon to do so." *Webber* v. *Phipps, ante,* 1.

The defendants claim there is coverage even though there was a completed sale of the truck by the assured. The contention is answered in plaintiff's brief which sufficiently states the present state of the law. "Defendants rely on the case of *Phoenix Indemnity Company* v. *Conwell,* 94 N. H. 146, and take the position that coverage should be established because of the language of the court on page 148, 'The present policy cannot be avoided or defeated by terms or language relating to or providing for the insured's ownership of the described automobile.' The defendants misconceive the meaning and application of this language. In that case the insurance company issued a policy to Conwell on a Ford sedan. Prior to the expiration of the policy Conwell sold the Ford and did not purchase another automobile. He then operated an automobile belonging to someone else and during the period of the policy became involved in an accident. The question in the case was whether the company's insurance continued in effect to cover Conwell when he was driving this automobile owned by someone else. The court held that the policy continued in effect for the protection of the named insured Conwell and that the policy was not void by reason of the transfer of the Ford automobile from Conwell to the purchaser. The *named insured* continued to be covered when driving other automobiles even though ownership of the Ford ceased. The court certainly did not hold in

that case that the purchaser of the Ford sedan took over Conwell's insurance without the consent of the insurer and there is no language in the decision susceptible to such a conclusion."

On the day of the auction and before the accident there was a completed sale by the assured to the defendant Boudle. 1 Williston, Sales (2d *ed.*) 683. Thereafter the liability of the purchaser for the negligent operation of the truck was not within the coverage of the policy. *Merchants Cas. Company* v. *Pinard*, 87 N. H. 473; 7 Appleman, Insurance Law and Practice *s.* 4358; 13-14 Huddy, Automobile Law *s.* 308. There is no provision of the policy or any section of the Financial Responsibility Act which provides automatic coverage to the purchaser "of the motor vehicle of the insured." R. L., *c.* 122, *s.* 16 (VI). There are cases where it may be said that in law the insurance is considered assigned during the unexpired portion of the policy period to persons having rightful possession of the motor vehicle (R. L., *c.* 122, *s.* 16 (IV) but they are confined to cases of "death, insolvency or bankruptcy of the insured" and obviously are not applicable to the facts of this case. *Merchants Cas. Company* v. *Egan*, 91 N. H. 368; 135 A. L. R. 749.

Title is not the test of an insurable interest in a contract of liability insurance (*Howe* v. *Howe*, 87 N. H. 338, 340) nor must a person have title to a motor vehicle to be considered the owner thereof. R. L., *c.* 122, *s.* 1 (III); *Merchants Cas. Company* v. *Pinard, supra.* However in this case the defendant Boudle, and not the insured, had title to the truck as well as the right to possession which he exercised exclusively. Coverage did not pass with the transfer of ownership to Boudle.

The plaintiff is not estopped to deny liability under the policy because it filed a financial responsibility certificate with the Motor Vehicle Department (R. L., *c.* 122, *s.* 20 (I) and this would be equally true under the recent amendment providing for "a continuous certificate." Laws 1947, *c.* 230. See, *McCracken* v. *Insurance Co.*, 94 N. H. 474. The attempted assignment of the registration plates and insurance for a "few days" was probably not binding on the insured at the time of the accident (*Rheuban* v. *Commercial Investment Trust, Inc.*, 81 B. H. 498) and, in the absence of knowledge or consent by the plaintiff, would not create an estoppel against the insurer.

*Exceptions overruled.*

BLANDIN, J. did not sit: the others concurred.