*Paul E. Kelley,* Assistant Public Defender, for defendant.

259 A.2d 123.

CALORE RIGGING CORPORATION *vs.* STERLING ENGINEERING & CONSTRUCTION COMPANY, INC.

NOVEMBER 25, 1969.

PRESENT: Roberts, C. J., Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a civil action wherein the plaintiff seeks to recover damages from the defendant for its alleged breach of a contract. In the Superior Court, the defendant filed a motion that all proceedings be stayed until the parties submit their dispute to arbitration as provided in the agreement which is the subject of this litigation. The motion was denied and an appeal[1] was taken to this court.

On February 17, 1966, the parties hereto entered into a subcontract whereby plaintiff would do certain work incidental to the erection of a housing for the elderly project in Woonsocket. The defendant at some time previous to this date had been hired by the Woonsocket Housing Authority as the prime contractor who would build this particular development.

The subcontract which is in evidence is six pages in length and contains 19 articles or conditions. The portion of the agreement which is germane to the issue before us reads as follows:

"Article XIX: Disputes

"Except as otherwise provided in this Agreement, any dispute concerning a question of fact arising under this Agreement which cannot be resolved by the parties shall be decided by arbitration under the provisions of the Prime Contract or, if none, by the arbitration procedures provided by Title 10, Chapter 3 of the General Laws of Rhode Island. Pending final decision of a dispute hereunder, the Subcontractor shall proceed diligently with the performance of the Agreement.

"This Agreement Shall Bind The Parties Hereto, Their Respective Heirs, Successors, Executors, Administrators and Assigns.

---

[1]This appeal has been before us previously. Earlier we remitted the case to the Superior Court for the entry of judgment and proper certification by the trial justice in pursuance to the provisions of Rule 54 of the Rules of Civil Procedure of the Superior Court. See *Calore Rigging Corp.* v. *Sterling Engineering & Constr. Co.*, 105 R. I. 150, 250 A.2d 365.

"In Witness Whereof, the parties hereto have by their duly authorized representatives hereunto set their hands and seals the day and year above written.

"Accepted by Calore Rigging Corp.

/s/ *August L. Brassard*

    Authorized Signature

Title General Mgr.

"Sterling Engineering & Construction Co., Inc.

/s/ *Marc J. Pearlman*

Title Treasurer"

The defendant's appeal has two facets. It asks that we modify our holding in *Donahue* v. *Associated Indemnity Corp.*, 101 R. I. 741, 227 A.2d 187, or, in the alternative, it contends that its agreement with plaintiff falls within the provisions of G. L. 1956, chap. 16 of title 37, the Public Works Arbitration Act, and that the *Donahue* case is inapplicable.

We will not modify our holding in *Donahue*. There we held that by virtue of the "unique" provisions of §10-3-2, an arbitration clause in a written contract would be upheld and enforced only when it is placed *immediately* before the testimonium clause or signatures of the parties. An arbitration provision which is not in accord with the statutory mandate, we said, is of no force and effect. The arbitration clause in the subcontract in the case at bar does not immediately precede the testimonium clause and the trial court correctly held that it fell within the proscription of *Donahue*. Should defendant wish relief from the doctrine of *Donahue*, his remedy is to be found in the legislature—not in this court.

In 1967 the General Assembly enacted chap. 16 of title 37 known as the Public Works Arbitration Act. The portions of the act which are relevant here are as follows:

"37-16-2. Provision for arbitration.—(a) A provision in a written contract executed on or after January 1, 1962, for the construction, alteration, repair or paint-

ing of any public building, one party to which is the state, a city, a town, or an authority, a board, a public corporation or any similar body created by statute or ordinance or any committee, agency or subdivision of any of them, to settle by arbitration any dispute or claim arising out of or concerning the performance or interpretation of the contract shall be valid, irrevocable, and enforceable, save upon grounds existing in law or equity for the revocation of such contract."

"37-16-3. Application to subcontracts. — When a contract described in §37-16-2 is in effect and any party thereto has entered into a subcontract to perform part of the work and/or furnish any materials in connection with the work described in the contract and the terms of the subcontract provide for arbitration of a dispute or claim concerning the performance or interpretation thereof, or the subcontract, expressly or by reference to the terms of the contract, provides that the parties to the subcontract shall comply with the arbitration provisions of the contract, the following shall apply when a request is made or an order of court is entered for arbitration either under the terms of the contract or subcontract."

While it is obvious that §37-16-3 provides a mechanism for the enforcement of an arbitration clause in a subcontract, the viability of that provision is dependent upon the fact that the prime contractor has entered into a contract which meets the requirements set forth in §37-16-2(a). There must be a written contract executed on or after January 1, 1962. In addition, it must concern the construction, alteration, repair or painting of a public building so-called. And, finally, the contract must contain a provision calling for the arbitration of any claim arising therefrom.

At the hearing in the Superior Court, the contract between defendant and the Woonsocket Housing Authority was not produced. The trial justice quite properly pointed out that on the record before him there was nothing to show either that the contract was executed subsequent to or prior to January 1, 1962 or that it contained the requisite pro-

vision for arbitration. He therefore quite properly rejected defendant's contention that it could employ the arbitration procedures set forth in chap. 16 of title 37.

We would also point out, as did the trial judge, that the subcontract which is the subject of this suit called for the arbitration of any dispute which concerned "a question of fact" and nothing was brought to the Superior Court's attention as to what was the nature of the dispute between the parties. The justice who considered defendant's motion specifically stated that he was unable to determine if the controversy before him was one of fact or one of law.

The defendant filed the motion for a stay. It had the burden of showing that the dispute between the litigants was one of fact and, since there had been no compliance with the conditions of §10-3-2, the defendant was then bound to present evidence that its contract with the housing authority, which would give vitality to the arbitration clause in its subcontract with the plaintiff, satisfied the requirements found in §37-16-2(a).[2] The record is barren of any evidence which would support this burden.

The defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court for further proceedings.

PAOLINO, J., did not participate.

*John A. Varone,* for plaintiff.

*Adler, Pollock & Sheehan, Peter Lawson Kennedy,* for defendant.

---

[2]Section 37-16-2 (b) provides that any public works contract, so-called, executed on or after July 1, 1967, having a contract price in excess of $10,000, shall contain a provision calling for the arbitration of all disputes arising out of the contract. This section is not applicable to the instant appeal because the prime contract was executed long before the July 1, 1967 effective date.