337 A.2d 240.

MARY PACHECO *vs.* NATIONWIDE MUTUAL INSURANCE COMPANY.

MAY 7, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a complaint for a declaratory judgment under the Uniform Declaratory Judgments Act, G. L. 1956 (1969 Reenactment) chapter 30 of title 9. After a trial on the merits of the complaint, a Superior Court justice, sit-

ting without a jury, entered a final judgment denying the prayer of the complaint and dismissing the action. From this judgment, the plaintiff now appeals.

The plaintiff, Mary Pacheco, is an additional insured under a policy of insurance issued to her husband by defendant, Nationwide Mutual Insurance Company. After suffering an injury while operating the family automobile, plaintiff filed a claim against defendant under the terms of the policy. When the parties failed to agree on the amount due plaintiff in damages, plaintiff filed for arbitration in accordance with the provisions of the policy. The defendant, however, refused to submit to arbitration of the issue, and plaintiff brought the present action for a declaratory judgment asking the court to declare that she was entitled to arbitration of her claim under the arbitration clause of the policy.

The defendant filed an answer to plaintiff's complaint alleging that the arbitration clause was of no legal effect and that plaintiff's sole remedy under the policy was to sue defendant. The plaintiff then filed a reply to this allegation, asserting that the arbitration provision was not a mere nullity and that in any case defendant was estopped from asserting such a defense. The case was heard by a Superior Court justice who held that the arbitration provision failed to satisfy the requirements of §10-3-2 as interpreted by this court, and that therefore plaintiff could not prevent defendant from having the Superior Court adjudicate the case.

Section 10-3-2 states that if an arbitration provision is clearly written and contained in a separate paragraph placed immediately before the testimonium clause or the signatures of the parties, it shall be "valid, irrevocable and en-

forceable".[1] It is clear from the record that the instant arbitration clause does not satisfy these requirements. This court has recently held that if an arbitration provision fails to satisfy §10-3-2, the provision will be of no force and effect and will not prevent the judicial determination of the claim. *A. C. Beals Co.* v. *Rhode Island Hospital,* 110 R. I. 275, 292 A.2d 865 (1972); *Calore Rigging Corp.* v. *Sterling Eng'r & Constr. Co.,* 106 R. I. 290, 259 A.2d 123 (1969); *Donahue* v. *Associated Indem. Corp.,* 101 R. I. 741. 227 A.2d 187 (1967). It thus appears that unless there is some reason defendant may not assert the right created by §10-3-2, plaintiff will not be able to compel arbitration of her c'aim despite the existence of an arbitration clause in the policy.

The plaintiff argues that defendant is estopped from asserting the arbitration provision is of no effect and that therefore plaintiff is entitled to submit her claim to arbitration. Her reliance on the doctrine of estoppel requires an examination of the difference between "waiver" and "estoppel." Waiver is the voluntary intentional relinquishment of a known right. It results from action or nonaction by an insurer. Estoppel, on the other hand, bars the insurer from raising certain rights or privileges when it would be

---

[1]General Laws 1956 (1969 Reenactment) §10-3-2, before its recent amendment and as it is applicable to the instant case, reads as follows:

"Agreements to arbitrate subject to chapter.—When clearly written and expressed and contained in a separate paragraph placed immediately before the testimonium clause or the signatures of the parties, a provision in a written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, that the provisions of this chapter shall not apply to collective contracts between employers and employees, or between employers and associations of employees, in respect to terms or conditions of employment."

578

inequitable to permit their assertion. Waiver arises by the action of one party; estoppel involves the action of both parties and arises by operation of law. Waiver depends upon the insurer's knowledge but not necessarily upon his prejudice; estoppel rests on a showing of prejudicial reliance by the insured. 16A Appleman, *Insurance Law and Practice* §9081 at 279-81 (1968).

We think that the record clearly calls for the imposition of the doctrine of waiver. The rule in *Donahue* was issued in March of 1967. The Pacheco policy was issued in April of 1969. The statutory purpose calling for the insertion of the arbitration clause immediately prior to the testimonium clause was to alert the parties to the presence of the arbitration provisions. We are dealing with a contract of adhesion. *Pickering* v. *American Employers Ins. Co.*, 109 R. I. 143, 282 A.2d 584 (1971). The insured buys the policy in an "as is" condition. The insurer has included within the contract a provision calling for arbitration. If the insurer so desired, it could have deleted this provision from the contract. It did not choose to do so.

Accordingly, it is our belief that the defendant, by selling a policy which affords the opportunity of arbitration, has effectively waived its right to embrace the *Donahue* rule. The public policy which led to the enactment of §10-3-2 has been served so that the doctrine of waiver can be properly applied to the case at bar.

The appeal of the plaintiff is sustained, the judgment appealed from is vacated, and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Joslin, dissenting. Prior to 1929 this state followed the generally accepted common law rule that a contractual stipulation requiring the parties to submit future disputes to arbitration operated to deprive those parties of their constitutional right to seek recourse in the courts, and was therefore against public policy, invalid and un-

enforceable. *Pepin* v. *Societe St. Jean Baptiste,* 23 R. I. 81, 49 A. 387 (1901). That rule still obtains, excepting if, and only if, the provision is "* * * clearly written and expressed and * * * placed immediately before the testimonium clause or the signatures of the parties * * *." General Laws 1956 (1969 Reenactment) §10-3-2. Until today, arbitration provisions not so placed were consistently held to be "nugatory," "invalid," and of "no force and effect." *A. C. Beals Co.* v. *Rhode Island Hospital,* 110 R. I. 275, 283, 292 A.2d 865, 869 (1972); *Calore Rigging Corp.* v. *Sterling Eng'r & Constr. Co.,* 106 R. I. 290, 292, 259 A.2d 123, 124 (1969); *Donahue* v. *Associated Indem. Corp.,* 101 R. I. 741, 745-48, 227 A.2d 187, 189-91 (1967).

Today's decision, however, enlarges the limited statutory exception to the common law rule, and henceforth the enforceability of an arbitration clause in contracts of insurance issued subsequent to the *Donahue* decision will hinge on factors independent of the provision's placement.[1] To reach that result the majority rely on the doctrine of waiver. Their reasoning is that an insurer who sells such a contract to an insured on a take-it-or-leave-it basis must be deemed to have waived the right to assert the defense of illegality, and that therefore the insured is entitled to judi-

---

[1]Public Laws 1974, ch. 48, §1, enacted subsequent to the date the policy in question was issued, provides in substance that an insured may enforce an arbitration provision in a contract of insurance even though it is not placed immediately before the testimonium clause or the signatures of the parties. If G. L. 1956 (1969 Reenactment) §10-3-2 were broad enough in its unamended form to accommodate the majority decision, P. L. 1974, ch. 48, would have been needless legislation, and the rule is that we will not impute to the Legislature an intention to engage in idle gestures or to enact needless legislation. *Town of Scituate* v. *O'Rourke,* 103 R. I. 499, 509, 239 A.2d 176, 182 (1968); *Ewing* v. *Frank,* 103 R. I. 96, 101, 234 A.2d 840, 843 (1967); *Preservation Society* v. *Assessor of Taxes,* 99 R. I. 592, 597, 209 A.2d 701, 704 (1965); *Carlson* v. *McLyman,* 77 R. I. 177, 183, 74 A.2d 853, 856 (1950).

cial enforcement of an otherwise invalid contractual provision.

That rationale is clearly at odds with the general principles that the illegality of a contractual provision cannot be waived by a party to the agreement and that an illegal clause ought not to be given effect by the doctrine of estoppel. *See Keene* v. *Harling,* 36 Cal. Rptr. 98, 106 (App. 1963), *aff'd,* 61 Cal.2d 318, 392 P.2d 273, 38 Cal. Rptr. 513 (1964); *Von Walden* v. *Geddes,* 105 Conn. 374, 377, 135 A. 396, 397 (1926); *Belle Isle Corp.* v. *Corcoran,* 49 A.2d 1, 4 (Del. 1946); *Commissioner of Banks* v. *Cosmopolitan Trust Co.,* 253 Mass. 205, 218, 148 N. E. 609, 614 (1925); *Seitz* v. *Michel,* 148 Minn. 80, 84, 181 N.W. 102, 104 (1921); *Levin* v. *Levin,* 253 App. Div. 758, 300 N.Y.S. 1042 (1937); *State* v. *Northwest Magnesite Co.,* 28 Wash.2d 1, 27-28, 182 P.2d 643, 656-57 (1947).

Moreover, application of the majority's analysis to a case involving an arbitration clause illegally placed in a post-*Donahue* contract by parties who bargained at arm's length for that provision could require the conclusion that both parties to that contract had waived the right to assert the defense of illegality. In that case a provision plainly not sanctioned by §10-3-2 would become enforceable, and the clearly expressed legislative will would be frustrated. For this and the other reasons stated, I respectfully dissent.

*Gunning, LaFazia, Gnys & Selya, Raymond A. LaFazia,* for plaintiff.

*John G. Carroll, Quentin J. Geary,* for defendant.