DECISION
This matter comes before the Court on defendant's Motion for Summary Judgment. Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 56.
 Facts/Travel
The plaintiff was the owner of 28 Jacome Way, Middletown, Rhode Island during the December 31, 1994 and December 31, 1995 tax assessments. In 1996, forty-four Middletown taxpayers filed a lawsuit against the Tax Assessor and the Town of Middletown (the "Town") challenging the Town's refusal to hear appeals from their tax assessments on the grounds that they failed to file accounts for the 1993, 1994, and 1995 tax assessments. The Middletown Town Council (the "Town Council") passed a resolution directing the office of Town Solicitor to recommend that the local Board of Assessment Review "hear all pending matters even if the taxpayer has failed to file an account and rehear any matters that were dismissed for failure to file an account before a hearing on the merits." See PI.'s Mem. in Opp'n to Def.'s Mot. for Summ. J., Ex. B. at 2.
On September 28, 1995, plaintiff appealed the 1994 tax assessment to the Middletown Board of Tax Assessment Review (the "Board"). On September 23, 1996, the Board reduced plaintiff's 1994 tax assessment of the property. The plaintiff neither appealed the 1995 tax assessment to the Board nor filed an account of its ratable estate for both the 1994 and 1995 tax assessments. The plaintiff filed one Complaint from Relief front Tax Assessment for both the 1994 and 1995 tax assessments.
 Standard of Review
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works, Inc. v. R.J. Sanders. Inc., 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R. Civ. P. 56 (c). The trial justice should "draw all reasonabLe Inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all fazts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence v. Wilke,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Rignanese, 714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law. Harritos v. Cambio,683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56 (c).
 The Complaint and Administrative Remedies
Although defendant briefly asserted in its memorandum that plaintiff combined claims for both the 1994 and 1995 tax assessments in a single complaint, defendant failed to fully argue the issue. Nonetheless, the Rhode Island Supreme Court has held that "a taxpayer who challenges an assessment must file a complaint for each tax year that an assessment is under challenge." McKee v. Bouchard, 674 A.2d 378, 380 (R.I. 1996) (citing Northgate Assoc. v. Shorey, 541 A.2d 1192, 1193 (R.I. 1998)); Burriliville Racing Assoc. v. Tellier, 574 A.2d 749, 750 (R.I. 1990) (plaintiff could not amend complaint to add four subsequent tax years). Furthermore, defendant argues meritoriously that plaintiff has failed to exhaust its administrative remedies by not filing an appeal of the 1995 tax assessment to the Board. G.L. 1956 § 44-5-26. Except for the filing of a proper case in equity, "[t]he only avenue of appeal from an assessment of taxes upon a ratable estate is to file an appeal pursuant to § 44-5-26." Nunes v. Marino,707 A.2d 1239, 1244 (R.I. 1998); Wickes Asset Management, Inc. v. Dupuis,679 A.2d 314, 322 (R.I. 1996). Since plaintiff has failed to file an appeal and a separate complaint for the 1995 tax assessment, summary judgment is granted as to that assessment.
 Filing of an Account
The defendant argues that the filing of an account is a condition precedent to maintaining a lawsuit for relief from a tax assessment. The defendant contends that plaintiff has failed to file an account for both the 1994 and 1995 tax assessments as required by G.L. 1956 §§ 44-5-15 and 44-5-16. Furthermore, defendant asserts that plaintiff fails to qualify for relief under any exception to filing an account found in § 44-5-16. This Court will not address the issue of filing an account as to the 1995 tax assessment as summary judgment has been granted regarding that year.
The plaintiff argues that defendant is estopped from asserting a defense of failure to file an account as its long-standing practice of not requiring taxpayers to file an account induced plaintiff to detrimentally rely on the action. Additionally, plaintiff argues that defendant has waived the account filing requirement.
Pursuant to G.L. 1956 § 44-5-15, a taxpayer is required, as a condition precedent to challenging a tax assessment, to file an "account of all ratable estate" with the tax assessor. A condition precedent must be pIed in accordance with R.I. Super. R. Civ. P. 9 (c). Chase v. Bouchard, 671 A.2d 794 (R.I. 1996). However, a condition precedent can be waived. See Id. (failure to raise the defense of failure to file an account constitutes a waiver). Although defendant has correctly pled the affirmative defense of failure to file an account, a waiver can occur in other instances. In the instant case, plaintiff is arguing, under the theories of waiver and estoppel, that defendant should be barred from asserting the defense of failure to file an account.
Waiver is the voluntary and intentional relinquishment of a known right resulting from the action or nonaction of one party.Pancheo v. Nationwide Mut. Ins. Co., 114 R.I. 575, 577,337 A.2d 240, 242 (1975). Estoppel, on the other hand, bars a party from "raising certain rights or privileges when it would be inequitable to permit their assertion." Id. at 577-78, 337 A.2d at 242. Waiver involves the action of one party and is dependent upon knowledge, not necessarily prejudice. Id. at 578, 337 A.2d at 242. Estoppel involves the action of both parties, arises by operation of law, and is dependent upon the showing of prejudicial reliance by the party asserting the theory. Id.
This Court finds that the Town Council specifically waived the right to require filing of an account from a taxpayer for the tax assessment years prior to December 31, 1996 to matters before the Board. See PI.'s Mem. in Opp'n to Def.'s Mot. for Summ. J., Ex. B. at 2. However, the Town Council specifically provided that "nothing contained in the Resolution shall constitute a waiver of the tax payers' obligation to file an account as a condition precedent to relief at the Superior Court level." Id. Whether or not defendant voluntarily relinquished a known right by its long-standing practice of not requiring taxpayers to file an account despite the provisions of the Resolution is a question of fact.See Haxton's of Riverside, Inc. v. Windmill Real Inc.,488 A.2d 723, 725 (1985). For the reasons set forth above, defendant's Motion for Summary Judgment is denied as to the 1994 tax assessment.
Counsel shall prepare the appropriate order for entry.