Carmine J. D'ELLENA

v.

The TOWN OF EAST GREENWICH, a Municipal Corporation and the East Greenwich Planning Board.

No. 2009–85–APPEAL.

Supreme Court of Rhode Island.

June 24, 2011.

John J. Kupa, Jr., Esq., for Plaintiff.

Peter A. Clarkin, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice ROBINSON for the Court.

The underlying dispute in this case centers around whether or not the plaintiff, Carmine J. D'Ellena, is required to connect the "Legacy Woods" development in East Greenwich to a public water supply. Mr. D'Ellena unsuccessfully sought a declaratory judgment that would declare that he was not so required. Accordingly, he appeals from the Superior Court's judgment in favor of "the defendant, The Town of East Greenwich, on all claims requested in the plaintiff's Complaint for Declaratory Relief."

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments of counsel, we are satisfied that cause has not been shown and that this appeal may be decided without further briefing or argument.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, denying plaintiff's petition for declaratory relief.

## I

### Facts and Travel

On December 5, 2001, the Planning Board of the Town of East Greenwich (planning board or board) granted final plan approval to plaintiff's proposed eight-lot subdivision known as "Legacy Woods." Thereafter, plaintiff requested and was granted multiple extensions of time within which to record the subdivision. On January 7, 2004, an attorney who represented plaintiff appeared before the planning board in connection with one such request for an extension. (What transpired at that meeting is narrated *infra*.) Subsequently, in a document dated May 5, 2004 and entitled "Extension of Final Plan Decision," the planning board granted the requested extension. Significantly, however, "Condition 4" contained within the May 5, 2004 document enunciated the following *new* requirement: "The applicant shall install water lines to bring water to the subdivision."

Several years later,[1] on January 14, 2008, plaintiff filed a petition in the Superior Court for Kent County, seeking declaratory and injunctive relief pursuant to the Uniform Declaratory Judgments Act, G.L. 1956 chapter 30 of title 9. The plaintiff alleged (1) that, with respect to the January 7, 2004 meeting of the planning board, plaintiff's above-referenced attorney was authorized *only* to seek an extension of time; and (2) that the "Request for Extension of Time" was all that was listed on the

---

1. Although not raised in the papers in this case, the equitable defense of laches was potentially available to defendants. *See, e.g., Arena v. City of Providence*, 919 A.2d 379 (R.I.2007); *Northern Trust Co. v. Zoning Board of Review of Westerly*, 899 A.2d 517 (R.I.2006). However, in view of our determination that affirming on the basis of waiver is the most expedient course to follow, we need not reach the issue of laches.

planning board's January 7, 2004 agenda with respect to plaintiff's development. Accordingly, in plaintiff's view, the planning board: (1) violated state law ("specifically, * * * G.L. [1956] [§§] 45–23–65 and 45–23–43(e)") by amending a final decision without application for and notice to plaintiff; (2) "violated the Notice Rules by failing to Notice the Plaintiff and the Abutters of such action;" and (3) "violated * * * G.L. [1956] § 4[2]–46–6 of the Open Meeting[s] Law by failing to provide notice pursuant to [§] 42–46–6(b)." The plaintiff's January 14, 2008 petition for declaratory judgment asked the Superior Court to declare that the May 5, 2004 decision of the planning board was null and void.

A nonjury trial was held in the Superior Court on July 1, 2008. In a written decision dated September 11, 2008, the trial justice denied plaintiff's request for declaratory relief. In his rescript decision, the trial justice found in pertinent part as follows:

> "In January 2004, [plaintiffs attorney] submitted the annual request for an extension of the subdivision approval on behalf of Mr. D'Ellena. In accordance with [the attorney's] usual custom, he reviewed the East Greenwich Planning staff report prior to the Planning Board meeting. When he reviewed the staff report * * * in early 2004, he recognized that the staff had a significant concern for the extension of public water to Legacy Woods. *[The attorney] informed Mr. D'Ellena of this problem who agreed to add the condition of public water."* (Emphasis added.)

Accordingly, having determined that plaintiff "had meaningful notice and [an] opportunity to be heard," the trial justice ruled in pertinent part as follows: (1) "Mr. D'Ellena was not deprived of constitutional due process;" (2) "Mr. D'Ellena waived his right to challenge" the insufficiency of public notice; and (3) "Mr. D'Ellena [was] not aggrieved by any violation of the Open Meetings Act." An order entered on September 25, 2008, denying plaintiff's request for a declaratory judgment and ordering that judgment enter in favor of the Town of East Greenwich; judgment entered on the same day. The plaintiff filed a timely notice of appeal on October 9, 2008.

## II

### Standard of Review

■ With respect to a trial justice's decision to grant or deny declaratory relief, "our standard of review is deferential." *Grady v. Narragansett Electric Co.,* 962 A.2d 34, 41 (R.I.2009). Accordingly, upon review, our task is to determine "whether the court abused its discretion, misinterpreted the applicable law, overlooked material facts, or otherwise exceeded its authority." *Id.* (internal quotation marks omitted); *see also Employers' Fire Insurance Co. v. Beals,* 103 R.I. 623, 628, 240 A.2d 397, 401 (1968) (stating that the trial court's discretion as to whether or not to award declaratory relief "is not absolute[,] and its exercise is subject to appropriate appellate review").

■ In addition, it is a basic principle that this Court "gives great weight to the factual findings of a trial justice sitting without a jury in a civil matter, and we will not disturb such findings unless they are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." *Costa v. Silva,* 996 A.2d 607, 611 (R.I.2010) (internal quotation marks omitted); *see also Cullen v. Tarini,* 15 A.3d 968, 976 (R.I.2011); *Brunelle v. Town of South Kingstown,* 700 A.2d 1075, 1080 (R.I.1997).

■ We have also stated that it is "self-evident that a trial justice sitting without a

jury must often make credibility determinations in order to arrive at the necessary findings of fact." *B.S. International Ltd. v. JMAM, LLC,* 13 A.3d 1057, 1062 (R.I. 2011). In conducting our review on appeal, we "accord a substantial amount of deference to those [credibility] determinations, due to the fact that the trial justice has actually observed the human drama that is part and parcel of every trial and * * * has had an opportunity to appraise witness demeanor and to take into account other realities that cannot be grasped from a reading of a cold record." *Id.* (internal quotation marks omitted); *see also Andreozzi v. Andreozzi,* 813 A.2d 78, 82 (R.I. 2003) ("[T]his Court will not disturb determinations of credibility in a non jury trial unless the findings are clearly wrong or the [trial justice] misconceived or overlooked material evidence."). *See generally In re Dissolution of Anderson, Zangari & Bossian,* 888 A.2d 973 (R.I.2006); *Dowdell v. Bloomquist,* 847 A.2d 827 (R.I.2004).[2]

### III

### Analysis

■ We perceive nothing in the record to suggest that the trial justice's findings of fact (largely based upon assessments of credibility) were erroneous. We have focused in particular on the trial justice's explicit findings as to (1) plaintiff's attorney having informed plaintiff about the concerns of the planning board staff concerning the extension of public water to Legacy Woods and (2) the fact that plaintiff "agreed to add the condition of public water." (See the language from the trial justice's rescript decision that appears as a block quote in the Facts and Travel section of this opinion.) We are aware of nothing in the record that would cause us to conclude that those findings were clearly erroneous or were based upon a misconception of or an overlooking of material evidence or that they failed to do substantial justice between the parties. *See Costa,* 996 A.2d at 611.

Given that the trial justice found that plaintiff's attorney (1) had prior notice of what was to be discussed at the January 2004 meeting, (2) informed his client about the concerns of the planning board's staff to the effect that public water should be extended to Legacy Woods, (3) obtained the agreement of his client to the public water condition, and (4) represented plaintiff as his attorney at that meeting, we are unable to disagree with the trial justice's finding that plaintiff waived his right to challenge the sufficiency *vel non* of notice on constitutional and statutory grounds and pursuant to the Open Meetings Act.[3] *See Graziano v. Rhode Island State Lottery Commission,* 810 A.2d 215, 221 (R.I. 2002) ("This Court has held on numerous occasions that actual appearance before a tribunal constitutes a waiver of the right of such person to object to a real or perceived defect in the notice of the meeting."); *Ryan v. Zoning Board of Review of*

---

2. Over six decades ago, the Supreme Court of New Hampshire in *Employers Liability Assur. Corp. v. Sweatt,* 95 N.H. 31, 57 A.2d 157 (1948), nicely explained why appellate courts are wont to give considerable deference to the credibility determinations of the trier of fact:

"At best the evaluation of credibility is not an exact science. In the long run justice is more nearly approximated by allowing the trier of fact, who has the opportunity and benefit of hearing and observing the witnesses, to determine the credibility of evidence rather than an appellate court which of necessity has to operate in the partial vacuum of the printed record." *Id.* at 159–60.

3. Having determined that plaintiff waived his right to challenge the sufficiency of notice, we need not pass upon the trial justice's ruling with respect to whether or not the additional requirement that plaintiff connect his development to public water sources constituted a "major" or "minor" change; and we specifically decline to pass upon that issue.

*New Shoreham*, 656 A.2d 612, 616 (R.I. 1995) ("This [C]ourt has repeatedly held * * * that appearance before the zoning board is proof that the unnotified party had the opportunity to present facts that would assist the zoning board in the performance of its duties, and therefore, such a party waives the right to object to any alleged deficiency of notice.").

This Court has defined waiver as "the voluntary intentional relinquishment of a known right." *Pacheco v. Nationwide Mutual Insurance Co.*, 114 R.I. 575, 577, 337 A.2d 240, 242 (1975); *see also Haxton's of Riverside, Inc. v. Windmill Realty, Inc.*, 488 A.2d 723, 725 (R.I.1985) (quoting the *Pacheco* opinion with approval). We have also stated that waiver "results from action or nonaction." *Pacheco*, 114 R.I. at 577, 337 A.2d at 242. *See generally* 28 Am.Jur.2d *Estoppel and Waiver* § 197 at 601 (2000) ("A waiver, according to the generally accepted definition, is the voluntary and intentional relinquishment of a known right * * *."). In addition, this Court has indicated that whether there has been the voluntary relinquishment of a known right by a party is generally a question of fact. *Imperial Casualty and Indemnity Co. v. Bellini*, 888 A.2d 957, 963 (R.I.2005); *Lajayi v. Fafiyebi*, 860 A.2d 680, 687 (R.I.2004). It is clear from the trial justice's factual findings (which findings we have held not to be clearly erroneous) that Mr. D'Ellena *voluntarily relinquished* and thereby waived whatever preexisting procedural and statutory rights were his with respect to the January 2004 meeting when he took the action of telling his attorney that he, in the words of the trial justice, "agreed to add the condition of public water."

## IV

### Conclusion

For the foregoing reasons, we conclude that the trial justice properly denied de-claratory relief in this case. Accordingly, the plaintiff's appeal is denied and dismissed. The record may be returned to the Superior Court.